(No. 60135.—

PAUL S. SATKOWIAK, Appellee, v. THE CHESA-
PEAKE & OHIO RAILWAY COMPANY *et al.* (The
Dow Chemical Company, Appellant; The Chesapeake
& Ohio Railway Company, Appellee).

*Opinion filed April 19, 1985.—Rehearing denied*
*May 31, 1985.*

226

Gordon B. Nash, Jr., and Mark E. Furlane, of Gardner, Carton & Douglas, of Chicago, of counsel, for appellant.

Robert E. Harrington, Sr., Robert B. Thompson and John J. Naughton, of Henslee, Monek & Henslee, of Chicago, for appellee Paul S. Satkowiak.

Cornelius P. Callahan, of Chicago, for appellee Chesapeake & Ohio Railway Company.

JUSTICE SIMON delivered the opinion of the court:

In this case we consider whether the trial court erred in denying the motion of appellant Dow Chemical Company (Dow) to dismiss claims against Dow on the basis of *forum non conveniens*. In March 1983 appellee Paul Satkowiak (Satkowiak), a Michigan resident, sued the Chesapeake & Ohio Railway Company (C&O), also an appellee, and Dow in separate counts of a two-count complaint in the circuit court of Cook County, for damages arising from an accident which occurred while Satkowiak was working as an employee of C&O on property owned by Dow in Midland, Michigan. Satkowiak's claim against C&O arose under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1982)) and the Safety Appliances and Equipment Act (45 U.S.C. sec. 1 *et seq.* (1982)); his claim against Dow was based upon Michigan statutory and common law. In May 1983 Dow moved to dismiss the complaint, claiming *forum non conveniens*. In July 1983 C&O counterclaimed against Dow, and Dow again moved to dismiss the counterclaim on *forum non conveniens* grounds. The motions were denied by the circuit court. Although the appellate court denied leave to appeal under Rule 306 (87 Ill. 2d R. 306), we allowed Dow's petition for leave to appeal to this court (87 Ill. 2d R. 315).

Satkowiak alleges that at approximately 1:30 a.m. on February 23, 1982, while working as a brakeman, he slipped and injured his back. Satkowiak was treated that day in Midland and subsequently treated in both Midland and Bay City, Michigan. Satkowiak's only contacts with Illinois are through his attorney, an Illinois resident licensed to practice law in this State, and his consulting physician John Dwyer, to whom he was referred by his attorney.

Although jurisdiction is proper in this case, Illinois

courts can decline jurisdiction under the doctrine of *forum non conveniens*. *(Adkins v Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411.) Dow claims that, under our many recent holdings, the circuit court clearly abused its discretion in denying its motion to dismiss. See, *e.g.*, *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111.

*Forum non conveniens* presupposes that there is an alternate forum available; a dismissal would be improper where there is no other forum or where the statute of limitations has run in the alternate forum and the moving party will not agree to waive the statute. *(Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 371; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 112, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.) In this case, there is no indication that both defendants are not amenable to process in Michigan.

*Forum non conveniens* is primarily a decision of the trial court, and that court's ruling should not be disturbed unless the court has abused its discretion. *(Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110.) Each case must be considered as unique on its facts. In order to determine whether the circuit court abused its discretion in this case, we consider Dow's arguments in light of the test enunciated in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

Dow argues that this is a local Michigan case which should properly be tried in Michigan. *Gilbert* directs us

to first consider various aspects of the private interests involved: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

In this case, none of the sources of proof are located in Illinois. Satkowiak resides in Bay County, Michigan. All of the known witnesses and all of the relevant documents, with the sole exception of Dr. Dwyer and his records, are in Michigan.

Dow argues that the location of the witnesses in Michigan will cause great inconvenience if the case must be tried in Illinois. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 368-69.) Satkowiak and C&O argue that evidentiary depositions may be used. However, this court has held that evidentiary depositions are not an acceptable substitute for live testimony. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 374.

Satkowiak and C&O also argue that many of the distant witnesses are their witnesses, and that they will insure that these witnesses are available for trial and will pay the associated costs. They argue, further, that the party moving for a *forum non conveniens* dismissal should not be heard to complain that the chosen forum is inconvenient for the party choosing the forum, since that party is allowed to inconvenience itself as long as it does not cause hardship or expense to the opposing parties. *Borden, Inc. v. Texaco, Inc.* (S.D. Ohio 1981), 526 F. Supp. 1291; *James v. Norfolk & Western Ry. Co.* (S.D.

Ohio 1976), 430 F. Supp. 1317.

This argument, however, does not address all of the issues involved. First, Dow's witnesses are also located in Michigan; the cost and inconvenience of bringing these witnesses to Illinois must also be considered. Next, Satkowiak's offer to pay the costs associated with bringing his witnesses to Illinois does not solve all of the practical problems associated with trial in a distant forum. It does not address the difficulties attendant upon a trial in a docket as crowded as Cook County's. Particular witnesses may only be able to appear on particular days, which may not be the same for all witnesses, and most important, which may not fit into the court calendar. When all witnesses are nearby in Illinois, a trial may be squeezed into empty spaces in the court calendar, sometimes with continuances in between. If an unforeseen situation develops in the midst of trial and a continuance is required, the witnesses may all need to be sent home and then returned at a later date. Midland is 283 miles from Chicago. This extra expense and inconvenience should not be imposed on Dow.

Another important factor affecting witnesses is the unavailability of compulsory process. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 374.) C&O suggests that it can insure the appearance of witnesses who are C&O employees. Again, this offer leaves unsolved problems. What if Dow wishes to call some of these witnesses as adverse witnesses? Without compulsory process, there is no way to be sure that these individuals will not leave Illinois after they have testified on C&O's behalf. Trial in this case probably will not occur for at least two years, and it is likely that C&O will experience considerable employee turnover during this time. Once an individual leaves the employ of C&O, there is no reason for the witness to voluntarily

travel to or remain in Illinois. In fact, there may be pressure from a new employer for the witness not to take the time off from work which is required for a court appearance in a distant city. These are practical problems of the type which may prevent a trial in Illinois from being "easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

In addition to the private considerations, public concerns also point to the desirability of a trial in Michigan. The public interest factors noted in *Gilbert* include administrative difficulties caused by concentrating litigation in congested centers, the imposition of jury duty on the citizens of a community unrelated to the litigation, difficulties in providing information to all interested persons when a case is tried far from those who are interested, local interest in local controversies, and the difficulties caused when a court must "untangle problems in conflict of laws, and in law foreign to itself." 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

The docket of the circuit court of Cook County is still crowded to the point where congestion is of great concern. Dow has submitted figures indicating an average time from filing until jury verdict of 52 months as of 1982; appellees counter with a newspaper article indicating that our recently innovated "fast track system" has reduced the time to trial to approximately two years. Even if the shorter figure is correct, we agree with this court's statement in 1971 that a delay of 21.7 to 22.5 months is "very serious." (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6.) This continuing glut of cases in certain Illinois counties is a factor we must consider before burdening these counties with additional nonresident litigation. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d

359, 373; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 122-23; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 112-13; *Adkins v. Chicago Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515.) Similarly, we agree with Dow that a jury trial is an expense to the public, and that Illinois taxpayers should not be obligated to pay for litigation which is unrelated to Illinois any more than Illinois citizens should be burdened by sitting on juries in these cases. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375.

This is a local Michigan controversy which is primarily of interest to citizens of Midland and Bay counties, and in addition the State of Michigan has an interest in applying its own law in its own courts. The accident occurred in Michigan. All but one of the witnesses are located in Michigan, and that witness is a consulting doctor who can only add to the cumulative testimony of the many physicians and surgeons located in Midland and Bay counties. Dow has its principal place of business in Michigan; the other defendant, C&O, does business in many States, but its business operations and business records involved in this case are all in Michigan.

Michigan law applies here. While it is true that Illinois courts can apply the laws of foreign States in appropriate circumstances, their lack of familiarity with foreign law suggests that they should not be burdened with doing so unless there are strong public policy reasons and unless Illinois has strong connections to the case. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80.) In this instance, Illinois has no policy interest in the case, and virtually no connection. The mere fact that Satkowiak's lawyer is located in Illinois is insufficient to warrant denial of a *fo-*

*rum non conveniens* motion. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372.) More than a mere "relevant connection" between the forum and the litigation is required. *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 377.

We do not agree with Satkowiak's argument that a plaintiff's choice of forum should virtually never be disturbed. Ordinarily the plaintiff is given the choice of any forum in which there is jurisdiction, and the plaintiff's choice will not be disturbed unless the balance of factors strongly favors the defendant who is moving to dismiss on *forum non conveniens* grounds. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366.) In *Wieser*, this court explained that overly strict construction would "effectively sterilize" the doctrine (98 Ill. 2d 359, 366-67). In this case, the balance of relevant factors is clearly in favor of the moving defendant; it was an abuse of discretion to deny the *forum non conveniens* motions.

The United States Supreme Court has now clarified *Gilbert* by explaining that where the plaintiff elects to sue outside of its home forum, the court may more readily decline to exercise jurisdiction. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252.) The court stated in *Piper Aircraft*:

> "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." (454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266.)

This court has agreed. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367-68; *Jones v. Searle Labo-*

*ratories* (1982), 93 Ill. 2d 366, 378.

Satkowiak and C&O advance two other reasons for not trying this case in Michigan. They claim that since Dow's corporate headquarters is located in Midland and since Dow is a major employer in that city, a plaintiff suing Dow could not receive a fair trial in Midland County. We do not believe that this is an appropriate factor for our consideration. It would reflect a lack of confidence in the courts of the State of Michigan for us to suggest that they could not insure a trial fair to all parties. This is a question which should be handled by the Michigan courts under Michigan law.

We are aware that C&O is not objecting to the plaintiff's chosen forum. However, that does not change the basic truth that this litigation has virtually no connection to the State of Illinois, and can be much more conveniently tried in Michigan. Dow has as much right not to be harassed by an inappropriate choice of forum as it would if it were the sole defendant in this case.

Satkowiak argues that this case is distinguishable from other *forum non conveniens* cases decided by this court. He argues that if Dow's motion is granted, the result will be piecemeal resolution of what is essentially a single dispute. This is not necessarily so. While it is true that Dow's motion to dismiss will be granted only as to claims against Dow, nothing in the record indicates that Satkowiak could not have raised his claims against Dow and C&O in a single proceeding in Michigan. C&O could move to dismiss the remaining Cook County claim against it. If the claim remains fragmented, it is only because Satkowiak and C&O choose to leave it in that condition. As long as it is in their power to consolidate the two claims, these two appellees will not be heard to argue hardship because the claims are separated.

For the reasons given above, we hold that the circuit court abused its discretion by denying Dow's motion to

dismiss on *forum non conveniens* grounds. The judgment of the circuit court is reversed, and the cause is remanded to the circuit court of Cook County with directions to grant Dow's motion to dismiss count II of the complaint and the counterclaim against Dow, on the conditions that Dow will accept service of process and will waive the defense of the statute of limitations so long as the case is filed in Michigan within one year of the date of dismissal.

*Judgment reversed;*
*cause remanded,*
*with directions.*

JUSTICE GOLDENHERSH, dissenting:

I dissent. In order to take this case at all it was necessary to conclude that the appellate court abused discretion in denying leave to appeal (see 94 Ill. 2d R. 306(a)(ii)), and to reverse the order denying the motion required the majority to hold that the circuit court also abused discretion. The record sustains neither conclusion.

As I pointed out in my dissent in *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, somewhere between *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, and *Foster*, the doctrine of *forum non conveniens* underwent a transmutation. The application of the doctrine no longer required that there be "another forum that can better serve the convenience of the parties and the ends of justice." The key element became that the case "should be tried in a forum with a greater connection to the parties and the occurrence that forms the gravamen of the complaint." *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 385.

The majority attempts to present a scenario contrasting the convenience of trying this case in Midland, Michi-

gan, and the alleged inconvenience of being required to try it in Chicago. I am certain that the lawyers who try cases in the courts of this or any other jurisdiction will be surprised to learn that a jury trial "may be squeezed into empty spaces in the court calendar, sometimes with continuances in between." (106 Ill. 2d at 230.) I am certain, too, that they will be surprised to learn that insuring the return of a witness who has appeared and testified presents any difficulty, since the simple act of serving a subpoena will accomplish that result. I am also reasonably certain that the length of the average time from filing until verdict which the majority finds appalling is to a great extent caused by the delays engendered in the disposition of motions to dismiss on grounds of *forum non conveniens*.

In this day of instant communications and rapid transportation the fact that a litigant is required to try a lawsuit 283 miles distant from the scene of the occurrence involved can scarcely be said to be a matter of great inconvenience. Defendant has not suggested any witnesses which it intends to produce at trial other than to indicate that it might call certain individuals whom either the plaintiff or the railroad intends to call. Any representations concerning the likelihood of "live" medical testimony should be considered in the light of the fact that in the records reviewed by this court in recent years substantially all of the medical testimony was presented by deposition.

It requires no citation of authority to state that a reviewing court should not find that there has been an abuse of discretion unless the opposite result is clearly apparent. That is not the situation here, and I would affirm the circuit court.