DARRELL MANSFIELD, Plaintiff-Appellee, v. CURTIS-JANSEN, INC., *et al.*, Defendants-Appellants.

Fifth District   No. 5—88—0031

Opinion filed May 11, 1989.

HOWERTON, J., dissenting.

D. Jeffrey Ezra, of Johannes & Marron, P.C., of Highland, for appellant Curtis-Jansen, Inc.

Richard E. Boyle and Rodney M. Sharp, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for other appellant.

John T. Papa, of Pratt & Callis, P.C., of Granite City, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

On January 26, 1987, plaintiff, Darrell Mansfield, filed in the cir-

cuit court of Madison County a four-count complaint sounding in negligence and strict liability for damages to his cattle-raising operation caused by a cattle feed storage silo manufactured by defendant A.O. Smith Harvestore Products, Inc., and sold and serviced by defendant Curtis-Jansen, Inc. Both defendants filed motions to transfer venue to Greene County on *forum non conveniens* grounds. These motions were denied by the circuit court of Madison County on April 10, 1987. Thereafter, defendant A.O. Smith filed a motion to vacate the order of April 10, and to schedule a hearing on defendants' motions to transfer venue so as to allow the parties to conduct discovery on the issues of fact raised by the motions. This motion was granted on May 8, 1987, and the parties were granted time in which to conduct discovery on the issues of fact raised by the motions to transfer venue.

The record following discovery reveals the following facts. Plaintiff is a resident of Greene County, and the cattle feed storage silo was constructed, serviced, operated, malfunctioned and remains in Greene County. The damages to plaintiff's cattle-raising operation were incurred in Greene County.

Defendant A.O. Smith is a foreign corporation with offices in Barrington and De Kalb, Illinois. A.O. Smith does business in Madison County, but has no office there. A.O. Smith keeps no records in Madison County.

Defendant Curtis-Jansen is an Illinois corporation with its principal place of business in Effingham County. It also has an office in Clinton County. It does business in Madison County, but has no office there. Any records pertaining to the silo sold to plaintiff would be located in Curtis-Jansen's Effingham County office or its Clinton County office.

The offices of defendant Curtis-Jansen's attorney are located in Madison County. Defendant A.O. Smith's counsel have their offices in St. Clair County. Plaintiff's attorneys have their offices in Madison County.

Of the 13 persons revealed in discovery as having knowledge of relevant facts, two have addresses in Effingham County, five have addresses in Clinton County, one has an address in Shelby County, and two have addresses in Madison County.

An affidavit by the statistician of the Administrative Office of the Illinois Courts reveals that in 1985 the time lapse between filing of a complaint in a law jury case over $15,000 and trial in Madison County was 37.8 months, in Clinton County, 18.7 months, and in Greene County, zero months. In 1984, only 11% of all law jury cases over $15,000 filed in Greene County were pending more than 12 months,

while 64% of all law jury cases over $15,000 filed in Madison County during 1984 were pending more than 12 months.

Following discovery, defendants amended their motions to transfer venue on *forum non conveniens* grounds. Defendants' motions were denied by order of court on December 18, 1987. Defendants bring this appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). We reverse the trial court's order denying defendants' motions to transfer venue on *forum non conveniens* grounds.

■■ ■ Under the doctrine of *forum non conveniens*, a cause may be transferred to a different forum than that in which plaintiff brought it where to do so would better serve the convenience of the parties and the ends of justice. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1293.) In deciding whether to transfer a cause on *forum non conveniens* grounds, the court must balance the following factors: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; the administrative difficulties flowing from court congestion; a local interest in having localized controversies decided at home and the unfairness of burdening citizens in an unrelated forum with jury duty. *Bland*, 116 Ill. 2d at 224, 506 N.E.2d at 1294.

■ Also to be given some weight in this balancing process is the plaintiff's choice of forum, as the plaintiff's right to select the forum is a substantial one. (*Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1294.) However, where the plaintiff's choice of forum is not the county in which he resides, his choice of forum is entitled to much less deference. (*Bland*, 116 Ill. 2d at 228, 506 N.E.2d at 1296.) This is because the central purpose of the *forum non conveniens* doctrine is to assure that the trial is convenient. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367, 456 N.E.2d 98, 102.) When plaintiff has chosen his resident county as the forum, it is reasonable to assume that the choice is convenient. However, when the plaintiff is foreign to the forum chosen, this assumption is much less reasonable and the plaintiff's choice deserves less deference. *Wieser*, 98 Ill. 2d at 367, 456 N.E.2d at 102.

Applying the above factors to the case before us, we are unable to find any significant factual connection between plaintiff's cause of action and Madison County. It would appear that no sources of proof are to be found in Madison County. The silo itself, as well as plaintiff, and presumably plaintiff's records pertaining to his cattle-raising operation, are in Greene County. The records of defendant Curtis-Jansen

are kept either in Clinton County or Effingham County, and certainly no records of defendant A.O. Smith are to be found in Madison County. That one or two witnesses may reside in Madison County is not sufficient connection with that forum to justify denial of defendants' motions, especially where numerous and more important factors point to other more appropriate fora. (*Bland*, 116 Ill. 2d at 226, 506 N.E.2d at 1295.) At least 5 of the 13 individuals listed by defendant Curtis-Jansen in its answers to interrogatories as possible witnesses reside in Clinton County. The grain silo is located in Greene County. Finally, statistics show that the problem of court congestion is much more severe in Madison County than in either Clinton County or Greene County.

The only connections plaintiff's cause of action has with Madison County are that both defendants transact business there, although neither has an office there, and that plaintiff's attorneys and defendant Curtis-Jansen's attorneys have their offices there. Neither of these facts is sufficient to justify denial of defendants' motions to transfer venue. *Bland*, 116 Ill. 2d at 226, 506 N.E.2d at 1295; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232, 478 N.E.2d 370, 374.

■■ ■ Plaintiff argues that in terms of mileage, Madison County is the most convenient to the majority of possible witnesses revealed in the record. However, the distance between counties is only one factor to be considered in deciding a motion to transfer venue and should not be given undue weight. (*Bland*, 116 Ill. 2d at 227, 506 N.E.2d at 1295.) Furthermore, in order to justify denial of a defendant's motion to transfer venue, the forum chosen by plaintiff must have sufficient connection with the litigation to justify imposition of the burden of litigation on its citizens and court system. (*Bland*, 116 Ill. 2d at 229, 506 N.E.2d at 1296.) In this case, there are no significant facts connecting plaintiff's cause of action to Madison County. Instead, the balance of relevant factors is clearly in favor of defendants.

■■ ■ Although broad discretion is vested in the trial court in determining whether to grant or deny a motion to transfer venue on *forum non conveniens* grounds, that court's decision will be reversed on review if it constitutes an abuse of discretion. (*Bland*, 116 Ill. 2d at 223, 506 N.E.2d at 1293.) Given the circumstances here, we find that the trial court abused its discretion in denying defendants' motions to transfer venue. Accordingly, we reverse the order of the trial court and remand this cause to the circuit court of Madison County with directions that the circuit court transfer this cause to a more appropriate forum.

For the foregoing reasons, the order of the circuit court of Madison County is reversed and this cause is remanded with directions.

Reversed and remanded.

LEWIS, J., concurs.

JUSTICE HOWERTON, dissenting:

This court is to review the circuit court's decision by the abuse of discretion standard. That means we look to see if there was any evidence at all to support the decision. If there was no evidence to support it, the decision was irrational and must be reversed; on the other hand, if there was any evidence at all supporting the decision, it was rational and must be affirmed.

Look at the following table.

| Potential Witness | County of Residence | Distance | | |
|---|---|---|---|---|
| | | Madison County | Greene County | Clinton County |
| Darrell Mansfield | Greene | 60 | 10 | 110 |
| Gerald Jansen | Effingham | 85 | 125 | 65 |
| Tony Tebbe | Madison | 25 | 85 | 70 |
| Larry Schwerdt | Effingham | 90 | 130 | 70 |
| Rick Kohlbrecher | Clinton | 35 | 95 | 15 |
| Dennis Huelsmann | Clinton | 35 | 95 | 15 |
| Steve Tebbe | Madison | 25 | 85 | 70 |
| Larry Pruemer | Effingham | 85 | 125 | 65 |
| Stanley Dorney | Effingham | 80 | 140 | 50 |
| John Fuhler | Clinton | 25 | 85 | 20 |
| Bob Wilke | Clinton | 25 | 85 | 20 |
| (At least one witness from Defendants A.O. Smith's De Kalb County office is likely to be called.) | | 250 | 240 | 260 |
| AVERAGE DISTANCE OF TRAVEL: | | 68.3 | 100.3 | · 69.1 |

I cannot agree that the circuit court's decision was irrational. *Forum non conveniens* is Latin. Its root, translated to English, is convenience. Convenience means the quality of being convenient. Convenient means easy to reach; accessible. Madison County looks convenient to me.