CONTINENTAL CASUALTY COMPANY, Indiv. and as Subrogee of U.S. Truck Inc., Plaintiff-Appellant, v. MICHIGAN MUTUAL INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—88—1937

Opinion filed May 22, 1989.

Haskell & Perrin, of Chicago (Kevin W. Doherty and Olga F. Pribyl, of counsel), for appellant.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Shaun McParland Baldwin and Jean E. Faulhaber, of counsel), for appellee.

JUSTICE QUINLAN* delivered the opinion of the court:

Continental Casualty Company (Continental) filed suit in Cook County, Illinois, against Michigan Mutual Insurance Company (Michigan Mutual) for alleged bad faith in the negotiation and settlement of a claim in Michigan for its insured, U.S. Truck. Continental was U.S. Truck's excess insurance carrier and Michigan Mutual was U.S. Truck's primary insurance carrier. Michigan Mutual moved to dismiss the claim under the doctrine of *forum non conveniens*, based on the fact that Michigan, not Cook County, Illinois, was the more convenient forum. The trial court dismissed the claim and subsequently denied Continental's motion for reconsideration. Continental now appeals the trial court's dismissal of its case, as well as the trial court's denial of its motion to reconsider. We affirm.

The specific facts of the case are as follows. In January 1984, Daniel Sabo, while driving a vehicle leased to U.S. Truck in Highland, Michigan, hit a van and killed the driver of the van, Kevin Bovair. In

---

*Justice Quinlan participated in this decision prior to his assignment to the sixth division.

May 1984, Bovair's estate filed a wrongful death claim (the Bovair case) against Sabo and U.S. Truck in the State of Michigan.

U.S. Truck was insured by Michigan Mutual under a primary policy of insurance with policy limits of $1 million per accident, and U.S. Truck was also insured by Continental under an excess policy of insurance with coverage beginning at amounts over $1 million but with policy limits of $2 million per accident. Because Michigan Mutual was the primary carrier, it was Michigan Mutual's responsibility to defend the Bovair claim, and attorneys were hired by Michigan Mutual to defend U.S. Truck. Settlement negotiations to resolve the Bovair case failed and then, allegedly, on the day the case was set to go to trial, Michigan Mutual offered its policy limit of $1 million as satisfying its obligations in the case and turned over the defense of the action to Continental, which claims it was consequently forced to settle for approximately $322,000.

Thereafter, on November 5, 1987, Continental filed its suit against Michigan Mutual in the circuit court of Cook County for alleged bad faith and negligence in handling the Bovair case. Michigan Mutual moved to dismiss the case on the basis of *forum non conveniens*, and the parties presented the following facts to the trial court.

Continental argued, in response to Michigan Mutual's motion, that it is an Illinois corporation which has its principal place of business in Cook County, Illinois, that most of its portion of the Bovair case was handled through its Chicago office, and that Continental's claims examiner in its Chicago office, James Nagy, was the person ultimately responsible for the final decisions in the handling and supervising of the Bovair case. Additionally, Continental asserted that Michigan Mutual does business in Illinois, and was, accordingly, properly subject to suit in Illinois.

Michigan Mutual, on the other hand, asserted that its principal place of business is in Michigan, and that the basis for Continental's claim against Michigan Mutual is the Bovair wrongful death case, which was brought in Michigan as a result of an accident in Michigan between Michigan residents. Additionally, Michigan Mutual argues that all of the occurrence witnesses reside in Michigan, and that all of the negotiations concerning the settlement of the case took place in Michigan, through the Michigan offices of both Michigan Mutual and Continental. Finally, Michigan Mutual notes that the law firm hired to defend the Bovair claim for U.S. Truck is a Michigan law firm, and the attorneys who handled the case reside in Michigan.

Based upon these facts, the trial court granted the defendant's motion to dismiss based on *forum non conveniens*. Later, when the

plaintiff, Continental, moved the trial court to reconsider the dismissal, the court conducted a hearing and again examined all of the facts, as well as the complaint, and, based on the legal standards set forth in the cases of *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, and *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, adhered to its original ruling observing that even though Continental's choice of forum was to be given substantial deference, the controversy here was a Michigan controversy and thus the proper and more convenient forum was Michigan.

■■ ■ Plaintiff now, on appeal, contends that the trial court abused its discretion when it granted Michigan Mutual's motion to dismiss based on *forum non conveniens*. *Forum non conveniens* is a doctrine founded on considerations of fundamental fairness and sensible and effective judicial administration. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288, 520 N.E.2d 368, 372 (relying upon *Adkins v. Chicago Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730).) This doctrine presupposes that there are two forums under which jurisdiction is proper. A court, however, may decline to exercise its jurisdiction over the parties and the subject matter of a case before it, if the other forum is more convenient and can better serve the ends of justice. (*McClain*, 121 Ill. 2d at 288, 520 N.E.2d at 372 (relying upon *Adkins*, 54 Ill. 2d at 514, 520 N.E.2d at 730); *Foster v. Chicago & Northwestern Transportation Co.* (1984), 102 Ill. 2d 378, 381-82, 466 N.E.2d 198, 199.) The *forum non conveniens* determination is committed to the sound discretion of the trial court and may be set aside only when there has been a clear abuse of that discretion. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228, 478 N.E.2d 370, 371.) Thus, where a trial court examines all of the relevant facts, and applies the proper legal standard so as to arrive at a reasonable determination, the trial court's decision should not be overturned.

■ In *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843, the United States Supreme Court set forth a balancing test for the determination of the proper forum under the doctrine of *forum non conveniens*. That test, which has been specifically adopted and followed by the Illinois Supreme Court, balances both the private interests of the parties as well as the public interest factors. *McClain*, 121 Ill. 2d at 288-89, 520 N.E.2d at 372; *Satkowiak*, 106 Ill. 2d at 228, 478 N.E.2d at 372.

Under the *Gulf Oil* balancing test, the private interest factors to

be considered are the relative ease of access to sources of proof; availability of compulsory process for unwilling witnesses; the cost of obtaining attendance of willing witnesses; the possibility of viewing the scene and premises of the suit, if such a viewing would be appropriate to the action; and such other practical factors that make trial of a case easy, expeditious and inexpensive. (*Satkowiak*, 106 Ill. 2d at 228-29, 478 N.E.2d at 372 (relying upon *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843).) In addition to the consideration of these private interest factors, a court must also give consideration to a number of public interest factors, including: the administrative difficulties caused by concentrating litigation in congested centers; the imposition of jury duty on citizens of a community unrelated to the litigation; the difficulties in providing information to all interested persons when the case is tried far from those who are interested; the local interest in local controversies; and, also, the difficulties caused when a court must untangle problems in conflict of laws and in law foreign to itself. *Satkowiak*, 106 Ill. 2d at 231, 478 N.E.2d at 373 (relying upon *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843).

■ Once the court has examined these factors, it must then balance them to determine which forum is the more convenient forum. Nevertheless, always underlying this determination is the principle that if the chosen forum is the plaintiff's home forum, that choice must ordinarily be accorded substantial deference. (*McClain*, 121 Ill. 2d at 289, 520 N.E.2d at 372-73; *Satkowiak*, 106 Ill. 2d at 233, 478 N.E.2d at 374; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366-67, 456 N.E.2d 98, 101-02.) However, even though substantial deference must be given to the plaintiff's choice of its home forum, the choice of one's home forum is not dispositive, and the ultimate determination must rest upon the balance of conveniences. Hence, dismissal of a cause of action is still proper if the chosen home forum is unnecessarily burdensome for the defendant or the court. See *Piper Aircraft*, 454 U.S. at 255 n.23, 70 L. Ed. 2d at 435 n.23, 102 S. Ct. at 266 n.23; *Satkowiak*, 106 Ill. 2d at 233, 478 N.E.2d at 374.

Here, the controversy over where the case should be litigated involves two jurisdictionally proper forums, Cook County, Illinois, and the State of Michigan. Both parties here agree on the legal standard to be applied, but Continental argues that the trial court did not properly apply that standard. Continental argues that the trial court abused its discretion when it granted Michigan Mutual's motion to dismiss based on *forum non conveniens* because the court failed to

give substantial deference to its choice of its home forum in Cook County, Illinois. In addition, Continental argues that the court erred because the balance of the public and private interest factors did not strongly favor the Michigan forum since it claimed that the sources of proof, with limited exceptions, are in Illinois, and furthermore, those sources and witnesses not in Illinois do not pose a problem for the Illinois court because of the availability and use of photocopying, mailing and evidence depositions. Moreover, Continental asserts that it is an Illinois corporation and that the controversy is clearly an Illinois controversy inasmuch as the ultimate determination regarding the case was made by its claims examiner, Mr. Nagy, in the Illinois office of Continental. Continental further contends that the defendant presented no evidence that it would be harmed if the case were tried in Illinois, and, in fact, there would be no hardship to Michigan Mutual if the case were tried in Illinois. In addition, Continental claims there is no evidence that Michigan courts are less congested than Cook County courts.

Finally, Continental asserts, there is one other factor that favors Cook County, Illinois, as the proper forum, and that is the situs of the injury. Continental argues that the injury in this case occurred when it paid its settlement in the Bovair case. Continental's check was issued from its Chicago office, which, Continental contends, renders Chicago, Illinois, the situs of its injury. Consequently, Continental states that Cook County, Illinois, is the proper and convenient forum.

Michigan Mutual, on the other hand, argues that the trial court properly applied the legal test here and correctly dismissed the case under the doctrine of *forum non conveniens*. Michigan Mutual contends that the trial court found Michigan to be the superior forum because the balance of public and private factors overwhelmingly favored Michigan as the proper forum. Michigan Mutual claims that this decision was proper and notes that the sources of proof are in Michigan, the key witnesses are located in Michigan, many Michigan Mutual witnesses are not subject to compulsory process in Illinois, the accident which is the basis for the lawsuit took place in Michigan, the Bovair case itself was filed in Michigan, and all negotiations concerning the Bovair case took place in Michigan. Finally, Michigan Mutual notes that Continental's payment was in fact sent to Michigan and, thus, the payment of claim was actually made in Michigan.

Most importantly, Michigan Mutual argues that here, Michigan law clearly applies to the case under the most significant contacts rule (see *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593), and the resolution of the case will necessarily involve an examination of Michi-

gan law to determine the potential value and the probability of the success of plaintiff's claim in the Bovair case to determine whether the settlement of the case by Michigan Mutual was reasonable. Furthermore, Michigan Mutual observes that since this is a Michigan controversy, Michigan has a substantial interest in having the case tried there, and, conversely, Illinois' interest is minimal and Illinois taxpayers should not, therefore, be burdened with trying a Michigan controversy. Also, Michigan Mutual submits that there is no dispute concerning the fact that the circuit courts of Cook County are extremely congested. Therefore, Michigan Mutual concludes that it is evident that the trial court correctly balanced all the proper factors and, thus, in spite of the deference accorded to the plaintiff's choice of forum, dismissal of the case was proper because Michigan is the more appropriate forum.

■ We believe that the record demonstrates that the trial court did not abuse its discretion and that the court properly considered and balanced the factors set forth in the *Gulf Oil* case. (See *Gulf Oil*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.) The trial court considered the private interest factors and found that, as admitted by counsel for Continental, the most important source of proof here was Michigan Mutual's case file, which was located in Michigan, and that the basis of Continental's claim of bad faith and negligence here was entirely dependent upon events that occurred in Michigan.

There were other factors that balanced in favor of Michigan also, including the fact that the principal witnesses in this case would be the attorneys who handled the Bovair defense, who are Michigan residents and thus not subject to compulsory process in Illinois. This factor alone would weigh heavily in favor of a dismissal because it is well-settled Illinois law that, contrary to Continental's assertions, evidence depositions are not proper alternatives to live testimony. (See *Moore v. Chicago & Northwestern Transportation Co.* (1983), 99 Ill. 2d 73, 80, 457 N.E.2d 417, 420.) In addition, we also agree with Michigan Mutual that if the case remained in Illinois, Michigan Mutual might not be able to properly present its defense since key witnesses might not be available because they would not be subject to compulsory process in Illinois. See *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 808, 480 N.E.2d 1312, 1324.

■ Concerning the public interest factors, we further find that the trial court properly analyzed the interests of Illinois and Michigan in hearing this case and correctly found that this was indeed a Michigan controversy. The undisputed facts in the record show that Michigan has more significant contacts to the claim than Illinois, and that,

under such circumstances, Michigan law would properly apply to the claim. (See *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593.) Although the trial court here did not expressly mention the congestion of the circuit courts of Cook County, this is also a factor favoring dismissal here since our courts have consistently taken judicial notice of the congestion of the Cook County courts. (See, *e.g.*, *Satkowiak*, 106 Ill. 2d at 231, 478 N.E.2d at 373.) We also disagree with Continental's claim that the situs of the injury was in Cook County, Illinois. The injury alleged here was the result of the bad-faith negotiations of Michigan Mutual which occurred in Michigan, and the place from which payment of any damages emanated was, in any event, irrelevant. See *Consolidated Freightways v. Industrial Comm'n* (1971), 41 Ill. 2d 221, 269 N.E.2d 291.

In conclusion, we find no abuse of discretion by the trial court here, and also find that the court correctly applied the proper test set forth in *Gulf Oil* when it dismissed Continental's case based on the doctrine of *forum non conveniens*. Thus, for the foregoing reasons set forth above, the order of the circuit court of Cook County is affirmed.

Order affirmed.

MANNING, P.J., and CAMPBELL, J., concur.