THOMAS R. WALSH *et al.*, Plaintiffs-Appellees, v. RAMADA INNS, INC., *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—88—2586

Opinion filed December 21, 1989.—Rehearing denied March 30, 1990.

Pretzel & Stouffer, Chartered, of Chicago (Frederic X. Shadley, Mark P. Standa, and Robert Marc Chemers, of counsel), for appellants.

No brief filed for appellees.

JUSTICE LINN delivered the opinion of the court:

We allowed the petition of certain defendants (Ramada Inns, Inc., John A. Cassens and John E.H. Cassens) for leave to appeal from the denial of their intrastate *forum non conveniens* motion. (107 Ill. 2d R. 306(a)(1)(ii).) On appeal, defendants contend that the trial court abused its discretion in refusing to transfer this cause to Whiteside County, Illinois.

Plaintiffs Thomas and Eleanor Walsh are residents of Spring Valley in Bureau County, Illinois. In 1985, Thomas Walsh (hereinafter Walsh) was employed as a construction worker by Richard J. Prescott Construction Company of Sterling in Whiteside County, Illinois.

On December 13, 1985, Walsh was helping to construct an addition to a Ramada Inn located in Rock Falls, Illinois, which also is in Whiteside County, when he fell off of a structural support that had suddenly tipped.

On July 10, 1987, Walsh and his wife filed the instant personal injury action in the circuit court of Cook County. In the action, plaintiffs seek $3 million for alleged negligence, loss of consortium and violation of the Illinois Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*).

Several weeks prior to filing the complaint, Walsh obtained medical care and treatment in Cook County, Illinois. The record discloses that he earlier had obtained medical care and treatment for his injuries in Whiteside, Winnebago, La Salle, Putnam, and Lake Counties in Illinois.

The record discloses further that the potential occurrence and post-occurrence witnesses are located in several Illinois counties: Rita Peppers and Don Boehme are located in Rock Falls in Whiteside County; John Caudillo (also spelled "Cardillo" in the record), Keith Diehl and Jack Butler are located in Sterling in Whiteside County; Craig Kraft is located in Freeport in Stephenson County; and John Houck is located in Dixon in Lee County.

Defendants subsequently moved to transfer the cause to the circuit court of Whiteside County pursuant to the doctrine of intrastate *forum non conveniens* and Illinois Supreme Court Rule 187 (107 Ill. 2d R. 187). In support of their motions, defendants contended that Whiteside County was a more convenient forum than Cook County because the accident occurred in Whiteside County, five of the seven potential occurrence and post-occurrence witnesses live in Whiteside County, the remaining two potential occurrence and post-occurrence witnesses live in Stephenson and Lee Counties, which are nearer to Whiteside than to Cook County, and defendants John A. Cassens and John E.H. Cassens live in Whiteside County. Defendants contended further that public interest factors favored Whiteside County because the Whiteside County court docket is less congested than the Cook County court docket, the citizens of Cook County should not be burdened with jury duty in a matter that has no relation to their community, and the citizens of Whiteside

County have an interest in the litigation because it implicates the safety of construction equipment used in their community.

In response, plaintiffs contended that Cook County was a convenient forum because Walsh received some of his medical care and treatment in Cook County. Plaintiffs contended further that Cook County was convenient because Ramada Hotel Operating Company and Ramada, Inc. (which are not parties defendant in this case), have a corporate presence in Cook County consisting of a registered agent, a corporate office, and a worldwide sales office.

Relying upon *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745, the trial court denied defendants' motions to transfer and observed that there was no predominance of connections between the instant case and any particular county. The trial court believed instead that there was "a substantial distribution of contacts in a number of counties." On appeal, the issue is whether the trial court's decision denying defendants' motions to transfer the cause to Whiteside County was an abuse of discretion.

■ *Forum non conveniens* is an equitable doctrine which presupposes the existence of more than one forum with personal and subject-matter jurisdiction. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291; *Continental Casualty Co. v. Michigan Mutual Insurance Co.* (1989), 183 Ill. App. 3d 778, 781, 539 N.E.2d 431.) Under the doctrine of *forum non conveniens*, a court may decline to exercise jurisdiction whenever it appears that there is another available forum which is more convenient and which can better serve the ends of justice. (See *Bland*, 116 Ill. 2d 217, 506 N.E.2d 1291; *Continental Casualty Co.*, 183 Ill. App. 3d 778, 539 N.E.2d 431.) The decision to grant or deny a *forum non conveniens* motion rests within the sound discretion of the trial court, and a court of review will not set aside the decision unless there has been a clear abuse of that discretion. (*Continental Casualty Co.*, 183 Ill. App. 3d 778, 539 N.E.2d 431.) In exercising its discretion, the court must weigh a variety of factors, including the private interests of the parties and certain public interest factors. (See *Continental Casualty Co.*, 183 Ill. App. 3d 778, 539 N.E.2d 431; *Japax, Inc. v. Sodick Company Limited* (1989), 186 Ill. App. 3d 656, 666, 542 N.E.2d 792.) The pertinent private and public interest factors include "the availability of an alternative forum; ease of access to sources of proof; the availability of compulsory process for unwilling witnesses and the costs for transporting willing witnesses; the enforceability of a judgment if one is obtained; the con-

gestion of the courts' dockets; the need to apply foreign law; the local interest in having localized controversies decided at home; and similar practical problems relating to the trial process." (*Japax, Inc.*, 186 Ill. App. 3d at 66.) Other factors include the accessibility of witnesses and the convenience of the parties (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601), the possibility of viewing the scene of an accident (see *Continental Casualty Co.*, 183 Ill. App. 3d at 782), the "unfairness of burdening citizens in an unrelated forum with jury duty" (*Mansfield v. Curtis-Jansen, Inc.* (1989), 183 Ill. App. 3d 154, 157, 538 N.E.2d 1282), and the proximity between the forum and the potential witnesses and other sources of proof. (See *Bland*, 116 Ill. 2d at 227.) Unless the foregoing factors strongly favor the defendant, the plaintiff's choice of forum will not be disturbed. (*Meyers*, 113 Ill. 2d at 119; *Torres*, 98 Ill. 2d 338, 456 N.E.2d 601; *Japax, Inc.*, 186 Ill. App. 3d 656, 542 N.E.2d 792.) Furthermore, if the chosen forum is the plaintiff's home forum, that choice ordinarily merits substantial deference. (*Continental Casualty Co.*, 183 Ill. App. 3d 778, 539 N.E.2d 431.) However, a court may more readily decline to exercise jurisdiction if the plaintiff has brought suit outside of his home forum (*Bland*, 116 Ill. 2d at 228), because it is less reasonable to assume that a foreign forum is convenient. *Mansfield*, 183 Ill. App. 3d 154, 538 N.E.2d 1282.

■ Turning to the case at bar, we believe that the criteria relevant to a *forum non conveniens* determination weigh strongly in favor of Whiteside County and warrant the transfer of this case to that forum. We are unable to find any significant practical connections between the litigation and Cook County.

Ramada Hotel Operating Company and Ramada, Inc., apparently have a corporate presence in Cook County. However, they are not the designated defendants in this case. The defendants here are Ramada Inns, Inc., and Ramada Illinois, Inc. Even if defendants' corporate parent maintains a registered agent, a corporate office and a worldwide sales office in Cook County, those contacts do not constitute a sufficient nexus between the litigation and plaintiffs' chosen forum. Nothing in the record suggests that any pertinent corporate records or potential corporate witnesses are located in Cook County. Neither the corporate presence of defendants nor the presence of plaintiffs' attorneys in Cook County justified Cook County as the chosen forum. See *Mansfield*, 183 Ill. App. 3d at 158.

The only apparent source of proof in Cook County derives from the medical care and treatment that Walsh obtained here just sev-

eral weeks prior to filing the lawsuit. Our supreme court has cautioned that, in order to prevent a plaintiff from frustrating the *forum non conveniens* doctrine simply by selecting a treating physician or by retaining an expert witness whose office is in the chosen forum, a court must not accord undue weight to the presence of a treating physician or an expert witness in the forum. *Bland*, 116 Ill. 2d at 227.

Even assuming that Walsh's use of medical facilities in Cook County was not a subterfuge to circumvent the doctrine of *forum non conveniens*, we deem the connection to be insufficient to justify Cook County as the chosen forum. Walsh received medical care and treatment in five other counties: Whiteside, Winnebago, La Salle, Putnam and Lake. The record discloses that Whiteside County is 125 miles from the Daley Center in Cook County; Winnebago County is 70 miles from Whiteside County and 86 miles from Cook County; La Salle County is 81 miles from Whiteside County and 79 miles from Cook County; Putnam County is 67 miles from Whiteside County and 113 miles from Cook County; and Lake County is 148 miles from Whiteside County and 38 miles from Cook County. The Lake County medical witness, who is the same physician that treated Walsh in Cook County, would not necessarily be inconvenienced by a transfer of this matter to Whiteside County. A discovery deposition of the treating physician might not be necessary (107 Ill. 2d R. 204(c)), and the use of an evidence deposition might obviate the need for the doctor to testify at trial (107 Ill. 2d R. 212(b)).

Furthermore, Whiteside County would provide easy access to key witnesses and sources of proof. Five of the seven potential occurrence and post-occurrence witnesses are located in Whiteside County (125 miles from the Daley Center), one is located 28 miles from Whiteside County (and 100 miles from Cook County) in Lee County, and one is located 53 miles from Whiteside County (and 114 miles from Cook County) in Stephenson County. Plaintiffs live in Bureau County, which is 54 miles from Whiteside County and 111 miles from Cook County; two of the defendants (the Cassenses) are located in Whiteside County; Walsh's employer is located in Whiteside County; and the scene of the accident is in Whiteside County. In our opinion, most of the vital sources of proof in this case appear to be located in and around Whiteside County.

We believe further that the congested condition of the Cook County circuit court is another factor that favors the transfer of this case. Statistics contained in the 1983 annual report of the Administrative Office of the Illinois Courts to the Supreme Court of Il-

linois establish that the problem of court congestion is worse in Cook County than in Whiteside County. The average time lapse for actions seeking damages in excess of $15,000 was 35.2 months in Cook County and 32.5 months in Whiteside County. In Cook County, 75% of such cases were pending more than 12 months; in Whiteside County, the figure was 58%. Therefore, court congestion is another factor that militates against plaintiffs' choice of forum. See *Continental Casualty Co.*, 183 Ill. App. 3d at 785.

We also believe that the citizens of Whiteside County have an interest in resolving this dispute because it involves the safety of construction sites in Whiteside County. By the same token, we believe that it would be unfair to burden citizens of Cook County with the responsibility of jury duty in a case which has no significant practical connections with Cook County.

Finally, the trial court believed that *Meyers v. Bridgeport Machines Division* (113 Ill. 2d 112, 497 N.E.2d 745) precluded the transfer of this case to Whiteside County. However, our contrary conclusion is not inconsistent with *Meyers*. The counties involved in *Meyers* were Cook County and three counties adjacent to Cook County: Mc Henry, Kane and Lake Counties. By way of contrast in the same case at bar, Whiteside, Winnebago, Stephenson, Lee, Bureau, La Salle, and Putnam Counties are not collar counties of Cook County. Therefore, Cook County is a considerably less convenient forum in the case at bar than in *Meyers*.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded with directions that it be transferred to the circuit court of Whiteside County.

Reversed and remanded with directions.

JOHNSON and McMORROW, JJ., concur.