(No. 58932.—)

RICHARD L. HARING, Appellee, v. CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellant.

*Opinion filed October 19, 1984.*

531

GOLDENHERSH, J., dissenting.

James P. Daley and George H. Brant, of Chicago, for appellant.

Randolph E. Schum, of Paul L. Pratt, P.C., of East Alton, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

This case arises out of an action filed under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1976)) and involves the doctrine of *forum non conveniens.*

The plaintiff, Richard L. Haring, filed his complaint in the circuit court of Madison County, Illinois, on December 1, 1982, seeking recovery for injuries allegedly suffered in the course of his employment with the defendant railroad at Clinton, Iowa. The defendant filed a motion to dismiss or to transfer the action to a more convenient forum. As alternate forums, the defendant

suggested Clinton County, Iowa, or Whiteside County, Illinois. The trial court denied defendant's motion. The defendant then sought an interlocutory appeal to the appellate court pursuant to our Rule 306 (87 Ill. 2d R. 306). The appellate court denied the petition for leave to appeal under that rule. We granted the defendant's petition for leave to appeal from the appellate court's order pursuant to our Rule 315 (87 Ill. 2d R. 315).

The facts in this case are almost identical with those in *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378. The only significant difference is that in *Foster* the plaintiff resided in Clinton, Iowa, whereas in our case the plaintiff resided in Mount Carroll, Illinois, 25 miles northeast of Clinton, Iowa. In this case, as in *Foster*, the plaintiff was an employee of the defendant railroad in Clinton, Iowa, where the accident occurred. As in *Foster*, the only connections the case has with Madison County are: the defendant's railroad tracks run through that county and it is the site of plaintiff's lawyers' office. In our case, as in *Foster*, all of the lay and medical witnesses reside in the vicinity of Clinton, Iowa, or in adjoining counties in Illinois, some 270 to 290 miles north of the county seat of Madison County, but in close proximity to the alternate forums suggested in the defendant's motion, Clinton County, Iowa, or Whiteside County, Illinois. On the question of *forum non conveniens, Foster* is controlling in this case.

Plaintiff contends, however, that the defendant's motion was inadequate, citing *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144. The affidavit in support of defendant's motion in our case did not contain the general allegations found to be deficient in *Cotton*. In our case, the affidavit set forth the names and addresses of four fellow workers and supervisors of plaintiff at the time of the alleged accident and described them as post-accident witnesses. One of them was de-

scribed as "a post-accident witness and familiar with relevant rules and regulations concerning company employment and work practices." The affidavit also set forth the names and addresses of medical witnesses who treated or examined the plaintiff as a result of the alleged injuries. The contents of this affidavit are sufficient to demonstrate that there are witnesses necessary to the trial of this case whose testimony can be more conveniently produced if the case is tried in the suggested alternate forums, rather than in Madison County, Illinois.

The plaintiff filed in the trial court a photographic copy of a publication listing the North Western Transportation Company officers under the various administrative divisions of that company. The list contains in excess of 250 names, and the affidavit accompanying the list simply describes those named as management employees of the defendant. The affidavit also states that the greater majority of those named are located in Chicago and within the State of Illinois and that subsequent discovery will disclose that some of these individuals will be witnesses in this litigation. This affidavit clearly contains the deficiency condemned in *Cotton. (Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 166-68.) The simple assertion that some one or more of the 250 persons named may be witnesses does not aid the trial court in determining whether Madison County, Illinois, is a convenient forum. In fact, witnesses located in Chicago are considerably closer to the alternate forums suggested than they are to Madison County.

In *Torres v. Walsh* (1983), 98 Ill. 2d 338, this court applied the doctrine of *forum non conveniens* to a case in which the two available forums in which the case could be tried were both within the State of Illinois. The opinion was modified on denial of rehearing to make the holding of *Torres* prospective, applicable only to cases

filed after September 16, 1983, the date of the *Torres* opinion. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 353.) The complaint in our case was filed December 1, 1982. Although this question was not presented in the briefs, during oral argument the plaintiff urged that the holding in *Torres* cannot be applied to this case. This case is not controlled by *Torres*. There is another forum in Iowa that has jurisdiction to hear this case. Therefore, the typical pre-*Torres* doctrine of *forum non conveniens* is applicable. *Torres* was given prospective application since that was the first holding of this court allowing intrastate application of the doctrine of *forum non conveniens*. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 353.) The reason for the prospective holding of *Torres* does not exist in this case.

This case is remanded to the circuit court of Madison County, Illinois, with directions to grant the prayer of the defendant's motion to dismiss the plaintiff's complaint on the basis of the doctrine of *forum non conveniens*. However, if the court finds that it is more convenient for the plaintiff to have the case tried in the other alternate forum suggested by the defendant, Whiteside County, Illinois, the court may enter an order transferring the case to that county.

If the case is dismissed, the order is to be conditioned on the waiver by the defendant of the defense of the statute of limitations should the plaintiff elect to file in an appropriate forum. If the defendant refuses to waive the defense of the statute of limitations, or if the defendant asserts that defense in a case filed by the plaintiff in an appropriate forum within one year from the date of dismissal based on the cause of action asserted herein, then the plaintiff should be given leave to reinstate this cause in the circuit court of Madison County, Illinois.

*Reversed and remanded,*
*with directions.*

JUSTICE GOLDENHERSH, dissenting:

In *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, the majority paid lip service to the rule that absent an abuse of discretion the decision of the trial court allowing or denying a motion to dismiss on the ground of *forum non conveniens* should not be disturbed. In this opinion it makes no mention whatsoever of the trial court's discretion and concludes that, as a matter of convenience, the case should be tried in either Clinton, Iowa, or in Whiteside County, Illinois. The orderly administration of justice would require that the majority explain why trial court discretion is no longer to be considered and, while so explaining, might also comment on the demise of the long-established rule that an abuse of discretion is found only in those situations where the opposite result is clearly apparent.

Not only has the majority completely ignored our many cases which hold that the ruling on a *forum non conveniens* motion is a matter of trial court discretion, but it has also done violence to the concept that allowance of a leave to appeal under Rule 306 is a matter of appellate court discretion. Here, the appellate court considered the matter and in its discretion denied leave to appeal. The majority, therefore, has apparently "parlayed" two findings of abuse of discretion in order to reach out and take this case.

As I read the opinion, the majority seems to hold that some "connection" is required between this case and Madison County for it to remain there. There is no such requirement in the Federal Employers' Liability Act; that act requires only that the defendant employer be doing business in the county at the time of the commencement of the action.