LEANNE ONO, Plaintiff-Appellant, v. CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (6th Division)   No. 1—91—2428

Opinion filed September 18, 1992.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Philip Hartnett Corboy, Jr., and David A. Novoselsky, of counsel), for appellant.

James K. Horstman, Barry L. Kroll, Lawrence K. Rynning, and C. Barry Montgomery, all of Williams & Montgomery, Ltd., of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises from a negligence action filed by plaintiff, Leanne Ono, against defendant, Chicago Park District, in the circuit court of Cook County. After a trial, the jury found for defendant. On appeal, plaintiff asserts that the trial court improperly gave a non-Illinois Pattern Jury Instruction tendered by defendant. Plaintiff does not challenge the sufficiency of the evidence in support of the verdict.

For purposes of this appeal, we briefly summarize the pertinent evidence adduced at trial. At about 9 a.m. on December 28, 1984, plaintiff drove her car into the underground Monroe Street parking facility owned and operated by defendant in Chicago. Plaintiff paid the parking fee to the attendant, then drove to the lower level to find

a parking space. As she drove toward the north end of the garage, plaintiff noticed a man walking in the aisle. Plaintiff parked her car in the middle of an aisle. When she opened her door, and turned toward the passenger seat to retrieve her briefcase and purse, someone entered the car from the driver's side, forced plaintiff onto her side, and began to hit her over the head. She recognized the attacker as the man she previously saw walking in the aisle. He dragged plaintiff into the back seat and raped her. After an initial unsuccessful attempt, plaintiff opened the back door and escaped, running to the nearest car.

Defendant's security system required a security patrolman on duty 24 hours a day. Other employees, including attendants, parking checkers, cashiers, electricians, engineers and maintenance people, were also on the premises at any given time. In addition to their regular duties, these employees patrolled the facility whenever possible. The garage was also equipped with closed circuit television monitors directed at the entrances, and emergency telephone boxes connected to the security guard and the main office. The busiest times in the garage were from 8 a.m. to 10 a.m. and from 4 p.m. to 6 p.m.

At the time of the rape, Anthony Tortorello, defendant's security guard, was on duty. After Tortorello attempted unsuccessfully to start the motorized cart which was normally used to patrol the garage, he returned to the garage office where he remained. Tortorello, who had arthritic knees and could only walk 75 feet, did not attempt to patrol the garage on foot.

The evidence established that prior to this incident, one criminal act against a person (a purse theft) was reported in the parking facility between 8 a.m. and 10 a.m. This purse theft occurred in 1979, some 4½ years prior to the present offense.

At the close of the evidence, defendant moved for a directed verdict, maintaining that defendant, as a governmental entity, owed no duty to provide security services to plaintiff, and that the evidence failed to establish that the attack on plaintiff was reasonably foreseeable, relying upon *Gill v. Chicago Park District* (1980), 85 Ill. App. 3d 903, 407 N.E.2d 671, and the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*). The trial court denied defendant's motion for directed verdict.

At the instruction conference on May 1, 1991, plaintiff tendered Illinois Pattern Jury Instruction, Civil, No. 10.04, which provided as follows:

"It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff. That means it was the duty of the defendant to be free from negligence." (Illinois Pattern Jury Instructions, Civil, No. 10.04 (3d ed. 1992) (hereinafter IPI Civil 3d).)

The trial court accepted the instruction as plaintiff's instruction number 16 over defendant's objection. When the trial court resumed the instruction conference on the next day, defendant tendered the following non-IPI instruction, stating that it conformed with *Gill v. Chicago Park District*:

"Generally, there is no duty to protect others from criminal attack by third persons unless there are sufficient facts to put defendant on notice that a criminal attack is reasonably foreseeable. If you find that the criminal attack on the plaintiff had not been reasonably foreseeable, then your verdict should be for the Chicago Park District."

Plaintiff objected to the instruction on the grounds that it was not an IPI instruction and that it would confuse the jury. (Although plaintiff argues in her brief that defendant tendered the instruction at the last minute, it is clear from the record that the instruction was offered during the instructions conference.) The trial judge gave the instruction as defendant's instruction number 8, reasoning as follows:

"The duty instruction, that is No. 16, is a general duty instruction, which is the law in this state, the evidence thus far in this case is the thrust of the defendant's case is that there is a special circumstance, so to speak, in that the actual occurrence is unforeseeable to the defendant. *** The law is clear that when a special circumstance is present in a case, counsel has the right to put an instruction in if it accurately and fairly states the law and is simple in its language and clear. Okay. This is his whole case, and that is going to be his main argument. I cannot see how I can reasonably refuse to give that instruction when the general duty instruction is general. And he has a special circumstance."

After closing arguments, the jury returned a verdict for defendant and against plaintiff. The trial court denied plaintiff's post-trial motion, and entered judgment on the verdict. Plaintiff appeals.

The only issue for our review is whether the trial court improperly instructed the jury pursuant to defendant's instruction number 8.

■ The purpose of jury instructions is to advise the jury on principles of law applicable to the evidence submitted, and the instructions must fairly and distinctly state the law, and not mislead or prej-

udice a party. (*Gaskin v. Goldwasser* (1988), 166 Ill. App. 3d 996, 520 N.E.2d 1085.) It is well established that each litigant has the right to have the jury instructed on his theory of the case, and the trial court in its discretion must instruct the jury on all issues which it finds have been raised by the evidence presented. (*Marin v. American Meat Packing Co.* (1990), 204 Ill. App. 3d 302, 562 N.E.2d 282.) A trial court's determination will not be disturbed on appeal absent a clear abuse of its discretion. *Villa v. Crown Cork & Seal Co.* (1990), 202 Ill. App. 3d 1082, 560 N.E.2d 969.

We first consider plaintiff's claim that defendant's instruction improperly required the jury to determine whether a duty existed.

In order to recover in a negligence action, plaintiff must establish that defendant owed plaintiff a duty of care, that defendant breached that duty, and that plaintiff's injury proximately resulted from such breach. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 531 N.E.2d 1358.) Although the issues of breach of duty and proximate cause are factual matters, the question of the existence of a duty is one of law. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116.) In determining whether a duty exists, the trial court considers whether a relationship existed between the parties which imposed a legal obligation upon one party for the other's benefit. (*Rowe v. State Bank*, 125 Ill. 2d 203, 531 N.E.2d 1358.) Duty is defined as "a legal obligation to conform one's conduct to a certain standard for the benefit or protection of another." *Rabel v. Illinois Wesleyan University* (1987), 161 Ill. App. 3d 348, 356, 514 N.E.2d 552, 557; *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603.

As a general rule, there is no duty to protect against the criminal attack of third persons. (*Rowe v. State Bank*, 125 Ill. 2d 203, 531 N.E.2d 1358; *Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39; *N.W. v. Amalgamated Trust & Savings Bank* (1990), 196 Ill. App. 3d 1066, 554 N.E.2d 629.) An exception exists, however, where the parties stand in a special relationship such as possessor of land-invitee, parent-child, and master-servant. (*Cross v. Chicago Housing Authority* (1979), 74 Ill. App. 3d 921, 393 N.E.2d 580.) A person is an invitee on the land of another if (1) he enters by express or implied invitation; (2) his entry is connected with the owner's business or with an activity that the owner conducts on the land; and (3) the owner receives a benefit. (*Barmore v. Elmore* (1980), 83 Ill. App. 3d 1056, 403 N.E.2d 1355.) Where such relationship exists, a duty arises to protect against reasonably foreseeable criminal activity. *Rowe v. State Bank*, 125 Ill. 2d 203, 531 N.E.2d 1358; *Boyd v. Racine Currency Exchange, Inc.*, 56 Ill. 2d 95, 306 N.E.2d 39; *Neering v. Illi-*

*nois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497; *Gill v. Chicago Park District*, 85 Ill. App. 3d 903, 407 N.E.2d 671; *Getson v. Edifice Lounge, Inc.* (1983), 117 Ill. App. 3d 707, 453 N.E.2d 131.

■ We do not believe that defendant's instruction required the jury to determine whether a duty existed. Rather, the trial court determined that the parties stood in such a relationship to one another that the law imposed a duty upon defendant. (See *Hopkinson v. Chicago Transit Authority* (1991), 211 Ill. App. 3d 825, 570 N.E.2d 716.) The instruction in effect informed the jury that defendant owed plaintiff a duty to protect against reasonably foreseeable criminal activity. The instruction then advised the jury to determine whether the criminal attack on plaintiff here was reasonably foreseeable. The parties' landlord-invitee relationship created the duty (*Cross v. Chicago Housing Authority*, 74 Ill. App. 3d 921, 393 N.E.2d 580), which relationship the parties apparently do not dispute on appeal. As such, the jury's finding on reasonable foreseeability ultimately determined whether defendant here breached its duty, not whether defendant owed a duty. We conclude that the instruction presented to the jury nothing more than a factual question and was therefore properly within the jury's province. See *Gilman v. Kessler* (1989), 192 Ill. App. 3d 630, 548 N.E.2d 1371.

Moreover, defendant's instruction follows the form of several IPI instructions which state a general duty principle and an exception which applies upon determination of a particular fact, usually defendant's knowledge or notice. For example, although a landlord generally owes no duty to advise a tenant of a latent defect in the premises, a well-recognized exception imposes a duty upon a landlord to disclose any latent defect of which he knew or should have known. (*Webster v. Heim* (1980), 80 Ill. App. 3d 315, 399 N.E.2d 690.) The applicable IPI instruction, IPI Civil 3d No. 130.01, advises the jury as follows:

"If a landlord either knows about an existing defect on the premises which is not readily apparent, or knows of facts and circumstances which would indicate that there is such a defect, then he must tell his tenant about it * * *. However, a landlord need not warn his tenant about a defect which the tenant could have discovered by a reasonable inspection."

Like defendant's instruction in this case, the above instruction advises that although a defendant generally owes no duty, a duty exists regarding dangers of which defendant knew or should have known.

Similarly, IPI Civil 3d No. 120.03.01, regarding a landlord's duty to protect trespassers, provides in pertinent part as follows:

"In conducting (operations) (or) (activities) on his property, it was (also) the duty of (the defendant) to refrain from wilful and wanton conduct which would endanger the safety of any trespassers. (However, if (the defendant) knew of, or reasonably should have anticipated, \*\*\* [that a trespasser was] in a place of danger, then (defendant) had a duty to exercise ordinary care for the safety of that person)."

(See *La Salle National Bank v. City of Chicago* (1985), 132 Ill. App. 3d 607, 478 N.E.2d 417; *Sumner v. Hebenstreit* (1988), 167 Ill. App. 3d 881, 522 N.E.2d 343.) The above instructions require the jury to determine whether particular circumstances existed before applying the standards of duty set forth. Defendant's instruction here similarly required the jury to determine the foreseeability of criminal attack before applying the duty to defendant's conduct. By so requiring, we cannot say that the instruction improperly allowed the jury to resolve a legal issue, as plaintiff claims.

Plaintiff also asserts that the instructions were "conflicting and confusing" because IPI Civil 3d No. 10.04 stated that a duty existed, while defendant's instruction required the jury to determine whether a duty did exist. Under general common law negligence principles, all persons owe a duty to all others to use ordinary care to guard against injuries resulting from the reasonably foreseeable consequences of his acts. (*O'Hara v. Holy Cross Hospital* (1990), 137 Ill. 2d 332, 561 N.E.2d 18; *Malfeo v. Larson* (1990), 208 Ill. App. 3d 418, 567 N.E.2d 364.) This general duty statement, encompassed in IPI Civil 3d 10.04, however, does not inform the jury whether and under what circumstances a defendant owes a duty to protect plaintiff against attack by a third person. Defendant's instruction presented the applicable law in this specific circumstance. When read together, the instructions stated that although defendant owed a duty of ordinary care, that duty did not extend to protecting plaintiff from criminal attacks which were not reasonably foreseeable. (*Lutz v. Goodlife Entertainment, Inc.* (1990), 208 Ill. App. 3d 565, 567 N.E.2d 477.) Plaintiff's own complaint expressly alleged that defendant's duty to protect plaintiff arose from defendant's "aware[ness]" of criminal acts committed on its premises, and extended to reasonably foreseeable acts. The pertinent paragraphs of the complaint state as follows:

"5. Prior to December 28, 1984, defendant, Chicago Park District, was aware that various criminal acts were previously committed within the Monroe Street garage complex, including, but not limited to, sexual assaults, robberies, burglaries, and

personal attacks that were committed within all portions of the Monroe Street garage complex.

6. That *by reason of the foregoing*, defendant Chicago Park District, on December 28, 1984, *owed plaintiff a duty* to exercise reasonable`care to avoid injuries at the hands of criminal trespassers *which could have been reasonably foreseen and avoided."* (Emphasis added.)

Moreover, plaintiff's counsel vigorously argued during opening and closing arguments that defendant was aware of problems on its premises. As such, the instructions clearly advised the jury regarding the issues presented by the pleadings and during the trial, and did not mislead the jury or prejudice plaintiff in any way.

■ Plaintiff's claim that the instructions confused the jury is belied by the fact that the jury did not seek clarification from the trial court and did not otherwise appear confused about the instructions or its role. Moreover, such argument is inconsistent with the characterization of the instructions during plaintiff's closing argument as "very simple," and "explained in a layman's language," and his statement, "I trust you won't have any problems." Contrary to plaintiff's contention, we find that the instructions fairly stated principles of law on issues raised by the evidence. *Marin v. American Meat Packing Co.*, 204 Ill. App. 3d 302, 562 N.E.2d 282.

■ Nor are we persuaded by plaintiff's assertion that IPI Civil 3d No. 10.04 correctly stated the duty owed plaintiff in this case, and that no other instruction was needed. As indicated above, IPI Civil 3d 10.04 accurately set forth the general duty owed, one which applies in virtually all negligence cases. Although IPI instructions are to be used whenever they provide an accurate statement of the law, it is well established that non-IPI instructions are permissible where the case presents a unique fact situation or point of law not addressed by the IPI which requires amplification or clarification. *Gordon v. Chicago Transit Authority* (1984), 128 Ill. App. 3d 493, 470 N.E.2d 1163.

We believe that the general duty instruction alone would have been insufficient to instruct the jury on the issues raised by the parties' evidence. Plaintiff's evidence alleged that defendant's duty to protect her arose from its awareness of prior criminal activity; defendant's theory in response was that the attack was not reasonably foreseeable. Defendant had a right to have the jury instructed on his theory (*Marin v. American Meat Packing Co.*, 204 Ill. App. 3d 302, 562 N.E.2d 282), and in the absence of an IPI instruction on the duty to protect another against third-party attacks, defendant had no choice but to tender an instruction on the issue. As such, we cannot

say that the trial court's acceptance of defendant's non-IPI instruction was an abuse of discretion.

Nor does *Erickson v. Muskin Corp.* (1989), 180 Ill. App. 3d 117, 535 N.E.2d 475, cited by plaintiff, require a different result. In *Erickson*, the trial court declined to give plaintiff's non-IPI instruction. This court affirmed, finding that although the instruction accurately reflected the law, neither party advanced the theory presented by the instruction. This court concluded that the other instructions given on the whole clearly advised the jury as to the applicable legal principles, and no other instructions were necessary. Unlike *Erickson*, defendant's non-IPI instruction here referred to legal principles unequivocally propounded by plaintiff from the start of this litigation. Given that plaintiff's own theory of the case expressly relied upon the foreseeability of criminal activity, *Erickson* does not support plaintiff's position.

■ We also consider plaintiff's argument that defendant's instruction incorrectly stated the applicable law. In this regard, plaintiff asserts that *Gill v. Chicago Park District* did not apply because defendant voluntarily assumed a duty to protect against the attack by providing security at the facility, citing *Phillips v. Chicago Housing Authority* (1982), 89 Ill. 2d 122, 431 N.E.2d 1038, and *Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 412 N.E.2d 472. Upon review of the record, we find that plaintiff waived objection to defendant's instruction on this basis.

It is well established that in order to preserve an objection to a jury instruction, a party must both specify the asserted defect and offer his own remedial instruction. (*Deal v. Byford* (1989), 127 Ill. 2d 192, 537 N.E.2d 267; *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 385 N.E.2d 664.) Further, an objection to an instruction on one ground at trial does not preserve objection on other grounds for appeal. *Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 475 N.E.2d 817.

Our review of the record leads to the conclusion that plaintiff waived objection to defendant's instruction on the ground that it did not refer to the voluntary assumption of duty theory. At the instructions conference, plaintiff objected to defendant's instruction on two grounds: it was not an IPI instruction and it was confusing. Plaintiff did not object to the instruction on the ground that it failed to refer to the voluntary assumption of duty theory. Most importantly, plaintiff never offered an instruction on voluntary assumption of duty, nor did she offer an alternative instruction to cure the asserted defects. Plaintiff's failure to challenge the instruction on the theory she now argues

on appeal, as well as her failure to offer a remedial version of the allegedly defective instruction, amounts to waiver. *Deal v. Byford*, 127 Ill. 2d 192, 537 N.E.2d 267; 134 Ill. 2d R. 366(b)(2)(i).

Moreover, a party may not raise in the reviewing court an issue not presented to or considered by the trial court. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) Although plaintiff's complaint need only allege facts, not legal conclusions (*Haas v. Mid-America Fire & Marine Insurance Co.* (1976), 35 Ill. App. 3d 993, 343 N.E.2d 36), nothing in the complaint suggests the voluntary undertaking theory. Rather, as indicated above, the complaint expressly alleges, and plaintiff strenuously argued throughout the proceedings, that defendant's liability arose from the foreseeability of the attack based upon prior criminal activity. Plaintiff did not argue that defendant voluntarily assumed a duty to protect plaintiff, nor did plaintiff tender an instruction on this theory. Plaintiff first asserted the assumption of duty theory in her post-trial motion. Our courts have held that errors first set forth at the time of post-trial motion are asserted too late. (See *Richter v. Northwestern Memorial Hospital* (1988), 177 Ill. App. 3d 247, 532 N.E.2d 269; *Angelini v. Snow* (1978), 58 Ill. App. 3d 116, 374 N.E.2d 215.) In sum, by failing to object to defendant's instruction on the basis that it was incomplete, and by failing to tender any instruction setting forth the voluntary assumption of duty argument plaintiff now asserts on appeal, plaintiff waived objection to defendant's instruction on this basis.

For all the reasons discussed above, we find that the trial court, in the exercise of sound discretion, properly instructed the jury.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.