ROBERT D. BLAKEY, Plaintiff-Appellee, v. GILBANE BUILDING COM-
PANY, Defendant-Appellant.

First District (2nd Division)    No. 1—92—0981

Opinion filed June 14, 1994.

Sweeney & Riman, Ltd., of Chicago (Georgene M. Wilson, of counsel), for appellant.

Joseph R. Curcio, Ltd., of Chicago (Joseph R. Curcio and Jose B. Villasenor, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Defendant, Gilbane Building Company, appeals from the Cook County circuit court's denial of its motion to transfer the case to Champaign County under the doctrine of *forum non conveniens*. We reverse and remand with directions to grant the motion to transfer because the relevant factors strongly favor Champaign County over Cook County as an appropriate forum for this case.

Robert Blakey sued Gilbane in Cook County under the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, pars. 60 through 69), alleging that Gilbane's failure to provide adequate scaffolding caused Blakey, an employee of Johnson Contracting Company, to fall from a roof he was helping construct for the University of Illinois in Urbana. Plaintiff admitted that he and all three post-accident witnesses he named in discovery lived in Macon County, which is much closer to Champaign County than to Cook County. Plaintiff also listed the doctors, clinics and hospitals who treated him. Two doctors were in Champaign County, and he saw one doctor in Macon County, one in Sangamon County, and one in St. Louis, Missouri. Plaintiff went to two clinics and one hospital in Champaign County, one clinic and two hospitals in Macon County, one clinic in Sangamon County, and one clinic in St. Louis, Missouri. He received no medical care in, and listed no witnesses from, Cook County. All of the doctors and clinics are closer to Champaign County than to Cook County.

Plaintiff's employer, Johnson Contracting Company, which has headquarters in Rock Island County, entered into the roofing contract with the University of Illinois in Champaign County. Defendant, a Rhode Island corporation with an office in Chicago, entered into the contract to act as construction manager in Champaign County. Neither contract required any work outside of Champaign County. Defendant's project manager lived in Champaign County, but two other supervisors who worked on the project had moved to Ohio before the plaintiff brought this case.

The trial court said at the hearing on defendant's motion that several counties had some connection to the case; Cook County had some connection because some out-of-State witnesses might come through Chicago, even if trial were held elsewhere, and defendant maintained an office in Cook County. Applying *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745, the court found that consideration of the appropriate factors did not strongly favor Champaign County over all other counties, so the court allowed plaintiff his choice of forum by denying the motion to transfer. We granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii). 134 Ill. 2d R. 306(a)(1)(ii).

■ Our supreme court laid out the basic principles of *forum non conveniens* in two decisions filed early in 1987:

"Although broad discretion is vested in the trial court in determining whether particular circumstances require transfer of a cause under *forum non conveniens*, that court's decision will be reversed on review if it can be shown that, in deciding as it did, the court abused discretion. [Citations.]

\*\*\*

*Forum non conveniens* is an equitable doctrine. It presupposes the existence of more than one forum with jurisdiction over the parties and the subject matter. [Citations.] Under the doctrine, a court may decline to exercise jurisdiction of a case whenever it appears that there is another forum with jurisdiction of the parties in which trial can be more conveniently had. [Citations.]

In deciding whether the doctrine applies, a court must balance private interest factors affecting the convenience of the litigants and public interest factors affecting the administration of the courts. [Citation.]

Factors relating to the private interests of the litigants include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing[,] witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

Public factors \*\*\* include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843." *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223-24, 506 N.E.2d 1291.

In *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 507 N.E.2d 838, the plaintiff sustained injuries during the course of a trip on a barge travelling down the Mississippi River from Minnesota through Madison County, Illinois. Plaintiff received medical treatment in St. Louis, Missouri, but he sued in Madison County. The trial court denied the defendant's motion to dismiss for *forum non conveniens*. Our supreme court reviewed the record and found that it did not support the defendant's assertion that the case could be more conveniently tried elsewhere. (*Weaver*, 116 Ill. 2d at 284-85, 289.) The defendant did not even "indicate who are or where are any of the prospective witnesses or the location of any other relevant source of

proof." (*Weaver*, 116 Ill. 2d at 289.) The court said that "a plaintiff's right to select the forum is a substantial one, and *** unless the balance of the relevant factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (*Weaver*, 116 Ill. 2d at 288.) The court concluded that the defendant "failed to show that the cause here could be more expeditiously tried in another forum." *Weaver*, 116 Ill. 2d at 289.

In *Bland* the plaintiff sued the defendant in Madison County for an injury he sustained in Macon County. The defendant moved to transfer venue to Macon County, and stated in support of the motion that plaintiff and all of the proposed occurrence witnesses, who were named, were employed in Macon County, and that trial in Madison County would subject it to unnecessary discovery expenses. (*Bland*, 116 Ill. 2d at 221-22.) The defendant also asked the Madison County court to take judicial notice of its congested condition. (*Bland*, 116 Ill. 2d at 222.) The trial court denied the motion.

Our supreme court held that the trial court abused its discretion, again after reviewing the entire record:

> "The record here shows that the factors favoring Madison County as the appropriate forum for trial are, on balance, relatively unimportant. The only connections Madison County has with the lawsuit are that the defendant conducts operations within Madison County, the plaintiff occasionally ('from time to time') works in Madison County, and two of the plaintiff's treating physicians have offices in that county. (The record shows that three treating physicians have offices in Macon County.) In contrast, numerous and more important factors point to Macon County as the more convenient, and therefore appropriate, forum.
>
> Though the defendant may transact business within Madison County, and this provides a basis for jurisdiction, it is not, under the circumstances here, an important factor in weighing the *forum non conveniens* question. ***
>
>              \* \* \*
>
> The expense to the defendant of transporting witnesses to Madison County and maintaining them is obvious, as is the greater inconvenience to the witnesses. ***
>
>              \* \* \*
>
> Public interest factors also favor transfer to Macon County. Of great importance is the effect this trial will have upon the Madison County courts and community that will be burdened financially and otherwise in furnishing a forum for this litigation. The public interest requires that causes which are without significant factual connections to particular forums be transferred to conven-

ient forums to insure that those jurisdictions are not unfairly burdened with litigation in which they have no interest or connection. [Citations.]

\*\*\*

If Madison County had any relevant or practical connection with this litigation it would have an interest in providing a forum. [Citation.] However, Madison County's only connection with this suit, apart from the fact that under law and as a matter of jurisdiction [citation] the defendant corporation is a resident of that county, as well as many others, is that the plaintiff on occasion works in Madison County and that two out of apparently five treating physicians are located there. This does not provide a sufficient factual connection with the litigation to justify imposition of the burdens of the litigation upon the citizens and court system of Madison County. More than simply a 'relevant connection' between the forum and the litigation is required. [Citations.]

In contrast, Macon County has a clear connection with this suit as the situs of the plaintiff's injuries. That the injuries were sustained in Macon County gives the plaintiff's claim the aspect 'of a localized controversy with a local interest in having the controversy "decided at home." ' *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 500[, 490 N.E.2d 694].

It is also important to consider the presence or absence of congestion of court dockets as a factor of public concern. [Citations.] The plaintiff here is a resident of Macon County, but he has filed his action in Madison County, which appears to have one of the most congested court dockets. The annual report of the Administrative Office of the Illinois Courts to the Supreme Court of Illinois for 1983 shows that the average time lapse for actions seeking damages in excess of $15,000 in Madison County is 37.2 months; Macon County reported 30.8 months for the same category." *Bland*, 116 Ill. 2d at 225-30.

Plaintiff argues that *Bland* does not control this case because defendant here presented an inadequate motion. When a defendant has moved to transfer a case based on *forum non conveniens*, the courts have not narrowly reviewed the wording of the motion and the facts stated therein; instead, our supreme court has consistently reviewed the entire record to determine whether it showed that the relevant considerations strongly favored the defendant's proposed transfer. Even in *Haring v. Chicago & North Western Transportation Co.* (1984), 103 Ill. 2d 530, 470 N.E.2d 288, which plaintiff cites, the court looked to documents filed with the motion, and not to the motion itself, to determine the adequacy of the defendant's showing of the need for a transfer. The court in *Haring* found that the trial court abused its

discretion by failing to dismiss for *forum non conveniens*. Documents in the record, but not the motion itself, "set forth the names and addresses of four fellow workers and supervisors of plaintiff at the time of the alleged accident and described them as post-accident witnesses." (*Haring*, 103 Ill. 2d at 532.) The defendant "also set forth the names and addresses of medical witnesses who treated or examined the plaintiff." (*Haring*, 103 Ill. 2d at 533.) None of these witnesses resided in Madison County, where the plaintiff brought suit; all lived in or near Clinton, Iowa. Our supreme court held that this showing was "sufficient to demonstrate that there are witnesses necessary to the trial of this case whose testimony can be more conveniently produced if the case is tried in the suggested alternate forums, rather than in Madison County, Illinois." *Haring*, 103 Ill. 2d at 533.

Defendant here has made the showing required under *Haring*. The documents in the record upon which the parties based their arguments regarding convenience of the forum showed the names and addresses of three of plaintiff's fellow workers whom plaintiff described as post-accident witnesses. The documents also showed the names and addresses of the medical witnesses who examined plaintiff. Defendant has made an adequate record for evaluating the relative merits of the proposed forums.

Defendant argues that the trial court failed to transfer the case to Champaign County because it misread *Meyers* (113 Ill. 2d 112, 497 N.E.2d 745). In *Meyers* our supreme court upheld the Cook County trial court's decision not to transfer the case to another county because no one county's contacts with the case strongly predominated over the contacts of the other counties. The court found that McHenry, Kane, Lake and Cook Counties all had substantial interest in the case, and therefore Cook County was not especially more inconvenient than any other forum.

In *Walsh v. Ramada Inns, Inc.* (1989), 194 Ill. App. 3d 945, 551 N.E.2d 249, the plaintiff sued the defendant in Cook County, where defendant's corporate parent had an office, to recover for injuries the plaintiff suffered in an accident in Whiteside County. Post-accident witnesses lived in Whiteside, Stephenson and Lee Counties, and the plaintiff lived in Bureau County. The plaintiff received medical treatment in Whiteside, Winnebago, La Salle, Putnam, Lake and Cook Counties. The trial court, relying upon *Meyers*, denied the defendant's motion to transfer the case to Whiteside County.

The appellate court reversed because the factors the court should consider strongly favored Whiteside County over Cook County as a forum for the litigation. Most of the witnesses lived closer to White-

side County, and the annual report of the Administrative Office of the Illinois Courts showed much greater congestion in Cook County courts than in Whiteside County courts. (*Walsh*, 194 Ill. App. 3d at 949-50.) The court found the result consistent with *Meyers* because the counties involved in *Meyers* were all adjacent to Cook County, and therefore conducting litigation in Cook County was not much less convenient than conducting it in the alternate forums. In *Walsh*, however, the other counties with contacts with the case were much farther from Cook County than from Whiteside County, so Cook County was much less convenient than Whiteside County.

■ Here, too, several counties have some connection with this case. The accident occurred in Champaign County, and plaintiff received considerable medical treatment there. Plaintiff and three post-accident witnesses lived in Macon County. Plaintiff also received medical treatment in Macon County, Sangamon County, and St. Louis, Missouri, all of which are closer to Champaign than to Cook County. Plaintiff's employer had headquarters in Rock Island County, which is about equidistant from Cook and Champaign Counties, and two of defendant's supervisors moved to Ohio. The only connection Cook County has to this case is that defendant has an office here. Also, "according to the Annual Report of the Administrative Office of the Illinois Courts, the court dockets in Cook County are congested." (*Trent v. Caterpillar, Inc.* (1992), 234 Ill. App. 3d 839, 846, 599 N.E.2d 1145.) Even when a defendant has not presented a copy of the annual report to the trial court, this court may take judicial notice of the report. (*Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 972, 489 N.E.2d 429.) Since Cook County has minimal interest in this case, and Champaign County is closer to almost all witnesses and, as the site of the accident, has substantial interest in the case (see *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 403, 581 N.E.2d 644), the trial court abused its discretion by denying the motion to transfer the case to Champaign County.

■ Plaintiff alternatively asks this court to direct the trial court to transfer the case to Macon County instead of Champaign County. Neither party asked the trial court to transfer the case to Macon County. Plaintiff waived this issue by failing to present it to the trial court. (See *Ono v. Chicago Park District* (1992), 235 Ill. App. 3d 383, 391, 601 N.E.2d 1172.) However, the failure to raise the issue operates only as a limitation upon the parties and not on the reviewing court. (*Pecoraro v. Kesner* (1991), 217 Ill. App. 3d 1039, 1045, 578 N.E.2d 53.) Since Champaign County has substantial interest in this case, and it appears to be a reasonably convenient forum for the witnesses and the parties, plaintiff has not presented adequate grounds for awarding him relief he did not seek in the trial court.

For the reasons stated above, we reverse and remand with directions to grant defendant's motion to transfer the case to Champaign County.

Reversed and remanded, with directions.

DiVITO, P.J., and SCARIANO, J., concur.