ERVIN J. ELLING, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (4th Division)    No. 1—95—0530

Opinion filed July 31, 1997, *nunc pro tunc* July 3, 1997.

Baker & McKenzie, of Chicago (Michael A. Pollard, Gary W. Fresen, B. Scott Douglass, and Paige W. Wright, of counsel), for appellants.

Anesi, Ozmon & Rodin, Ltd., of Chicago (Marc A. Taxman, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Defendants State Farm Mutual Automobile Insurance Company (State Farm) and Ellerbe Becket, Inc. (Becket), appeal from an order of the circuit court of Cook County denying their motion to transfer venue pursuant to the doctrine of intrastate *forum non conveniens*. On appeal, defendants contend that the trial court abused its discretion because it failed to properly consider the relevant factors under this doctrine. For the reasons set forth below, we affirm.

On February 5, 1993, plaintiff Ervin Elling was working in a building at a construction site in Bloomington, McLean County, Illinois, when he allegedly fell through a hole in the second-floor deck-

ing. As a result of the fall, plaintiff broke both his legs. On November 9, 1993, plaintiff, who resides in Tazewell County, Illinois, filed a two-count complaint in the circuit court of Cook County against State Farm and Becket, as well as Ozark Steel Fabricators, Inc. (Ozark), Hanson Engineering, Inc., George Hyman Construction Company and Cordeck Sales, Inc. (Cordeck),[1] based on negligence and violation of the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1994)). State Farm, Becket and Cordeck filed motions to transfer venue from Cook County to McLean County pursuant to the doctrine of *forum non conveniens* and Illinois Supreme Court Rule 187 (134 Ill. 2d R. 187(a)), arguing that most of the witnesses resided in or around McLean County and that the events leading to plaintiff's injuries occurred in McLean County. Ozark also objected to Cook County as a forum.[2] On September 6, 1994, the trial court denied the motions based on its determination that defendants failed to make an affirmative showing as to the inconvenience of Cook County as a forum. More specifically, the court stated:

"Let me tell you on these forum non conveniens cases what I think is key and that I don't see here *** what *Schoon v. Hill* says *** is that you've got to show me how it's inconvenient *** you haven't met your burden."

State Farm and Becket filed a motion for reconsideration, in which Cordeck joined. On January 11, 1995, the trial court denied the motion, again stating that defendants had not shown any inconvenience, and commented that five of the six defendants had offices and/or registered agents in Cook County and only four of the six defendants joined in the motion to transfer. State Farm and Becket (defendants) appeal from the order denying their motion for reconsideration.

Defendants contend that the private and public factors, applicable in determining whether to transfer venue pursuant to the doctrine of *forum non conveniens*, strongly favor transfer of the case from Cook County to McLean County. Defendants further argue that the trial court erred in denying their motion to reconsider by improperly relying on the fact that five of the six defendants had offices and/or agents in Cook County and that only four of the six defendants moved to transfer venue.

■ "The *forum non conveniens* doctrine is premised on convenience [citation] and applies when convenience, fairness and efficient

---

[1]Ozark, Hanson Engineering, George Hyman Construction Company and Cordeck are not parties to this appeal.

[2]Plaintiff disputes that Ozark objected to Cook County as the forum.

judicial administration demand that a trial be held in a forum which bears a relationship to the litigation [citation]." *Bjurstrom v. Commonwealth Edison Co.*, 144 Ill. App. 3d 743, 746, 494 N.E.2d 801 (1986). A reviewing court will not disturb a circuit court's granting or denying a *forum non conveniens* motion absent an abuse of discretion. *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 117-18, 497 N.E.2d 745 (1986). The doctrine of *forum non conveniens* presupposes that more than one court exists with authority to hear the case. *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279, 287, 507 N.E.2d 838 (1987).

Under the *forum non conveniens* doctrine, "the private interests of the litigants[,] as well as the public interest, must be balanced by the circuit court in ruling on a *forum non conveniens* motion." *Schoon v. Hill*, 207 Ill. App. 3d 601, 605, 566 N.E.2d 718 (1990). A court may deny jurisdiction in order to better serve the convenience of the litigants and to reach justice. *Weaver*, 116 Ill. 2d at 287. The private interest factors include: availability of an alternate forum, access to sources of proof, accessibility of witnesses, convenience of the parties, and possibility of viewing the premises, if appropriate. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843 (1947); *Torres v. Walsh*, 98 Ill. 2d 338, 351, 456 N.E.2d 601 (1983). The public interest factors include: the relative court congestion, local interest in the case, and the burden of jury duty on citizens in an unrelated forum. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 224, 506 N.E.2d 1291 (1987). These factors must strongly favor the defendant in order to override the plaintiff's statutory right to select the forum. *Torres*, 98 Ill. 2d at 351. However, this right is accorded less deference when the plaintiff does not reside in the county he has chosen (*Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 400, 581 N.E.2d 644 (1991)) and the situs of the injury is not located in the chosen forum (*Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 338, 645 N.E.2d 184 (1994)).

We find *Schoon* dispositive of the case at bar. In *Schoon*, the plaintiff brought an action in Cook County against his doctor and the manufacturer of a drug that he used, alleging claims of negligence, medical malpractice and products liability. The plaintiff did not reside in Cook County, nor was the situs of the injury in Cook County. The defendant doctor filed a third-party action against the pharmacy that had sold the drug to the plaintiff. The pharmacy subsequently moved to transfer the case from Cook County to another county of its place of business or where the doctor resided and practiced pursuant to the doctrine of *forum non conveniens*. In support of its motion, the pharmacy offered the plaintiff's answers to the defendants' interroga-

tories, arguing that "a majority of the *potential* witnesses" resided outside Cook County, the sources of proof were all outside Cook County and that Cook County lacked any significant factual connection to the case. (Emphasis added.) *Schoon*, 207 Ill. App. 3d at 607. The trial court denied the pharmacy's motion to transfer on a timeliness basis; the case had been in the trial court for four years before the pharmacy moved for a transfer to another forum.

In affirming the trial court, the *Schoon* court concluded that the pharmacy failed "to show how either it or any of the other parties *** [would] be inconvenienced by the Cook County forum." *Schoon*, 207 Ill. App. 3d at 607. The *Schoon* court further stated, with respect to the private interest factors, that the pharmacy failed to offer anything, other than the defendants' interrogatories, to show that the hospitals and doctors listed therein had any evidence that the pharmacy would need to use in its defense. The pharmacy further failed to show "which witnesses would actually be called to support its defense" and failed to "indicate what the testimony of *potential* witnesses would be, how their testimony would impact the defense or whether or not their depositions could be used successfully at trial." (Emphasis added.) *Schoon*, 207. Ill. App. 3d at 608, citing *Weaver*, 116 Ill. 2d at 289. The *Schoon* court further emphasized that the pharmacy "did not even provide the names and addresses of its own employees who had knowledge about the case and who would testify at trial." *Schoon*, 207 Ill. App. 3d at 608. In summary, the *Schoon* court stated that the pharmacy's "motion states only a conclusion and does not set out any facts to show that other forums would be more convenient for trial than Cook County." 207 Ill. App. 3d at 608.

With respect to the public factors, the *Schoon* court found that the pharmacy failed to offer evidence as to the condition of the dockets of the courts in counties other than Cook and, while agreeing that two other counties had an interest in resolving the litigation, the court stated that it could not conclude that, simply because those counties had an interest in the case, the trial court abused its discretion in denying the pharmacy's motion to transfer. The *Schoon* court further noted:

> "The role of this court is not to substitute its judgment for that of the circuit court, or even to determine whether the circuit court exercised its discretion 'wisely.' [Citations.] Rather, our task is to determine if the circuit court abused its discretion; in the absence of an abuse of discretion, the decision of the circuit court in granting or denying a *forum non conveniens* motion will not be disturbed on review. [Citation.]" 207 Ill. App. 3d at 609.

The *Schoon* court held that the pharmacy failed to sustain its burden

in support of its motion to transfer and stated that the motion was "perfunctory, at best." 207 Ill. App. 3d at 609.

In the present case, defendants, in a fashion similar to the defendant pharmacy in *Schoon*, merely alleged that 22 of 23 occurrence witnesses live in or around McLean County (Champaign, Peoria, and Tazewell Counties), only one lives within 100 miles of Cook County, and only one of the 10 physicians and/or medical institutions that treated plaintiff is located within Cook County, while the others are located closer to McLean than to Cook County. Defendants failed, however, to indicate in their motions to transfer and to reconsider the "substance and necessity" of any witnesses or how they would be inconvenienced if required to appear in Cook County. Nor did defendants make any showing "as to what evidence would be more difficult to bring or obtain in Cook County." Moreover, it is significant that these 23 witnesses are, like the witnesses in *Schoon*, *potential* witnesses, and defendants here failed to indicate how their testimony might impact on the defense. Additionally, as in *Schoon*, defendants in this appeal failed to even name their own employees who had knowledge of the case and who might be called to testify at trial, and they did not list the other defendants and their witnesses who are located in other states across the country: Becket (Minnesota), George Hyman Construction Company (Maryland), Ozark (Missouri), and Cordeck (Wisconsin). Thus, the list of witnesses was incomplete and simply speculative.

We further observe, according to the record, that State Farm has over 100 offices in Cook County and George Hyman Construction Company and Becket also have offices in Chicago, as well as having registered agents in Chicago. Thus, defendants' argument that plaintiff's case has no connection to Cook County is inaccurate. Additionally, the fact that defendants have offices and/or agents in Cook County is not an irrelevant factor, as defendants contend, in determining a more convenient forum; it is one more fact supporting plaintiff's choice of forum. We further briefly observe that defendants' argument, that the presence of a defendant's office and/or registered agent in the plaintiff's chosen forum cannot be considered in a court's analysis in a *forum non conveniens* proceeding, is without merit. Defendants here rely on *Bjurstrom* for this proposition. In *Bjurstrom*, the trial court denied the defendant's *forum non conveniens* motion to transfer venue from Cook County to Rock Island County. In reversing the trial court, the *Bjurstrom* court did in fact consider the defendant's place of business, which was both in Rock Island County and in Cook County, as a factor in determining whether to transfer the case, and found that the fact that the defendant "merely" did

business in Cook County was, standing alone, an inadequate reason to deny the defendant's motion to transfer the case to Rock Island County.

■ We also find without merit defendants' argument that the trial court improperly relied on the fact that only four of the six defendants joined in the motion for transfer. In support of their argument, defendants rely on *Schoon*. The *Schoon* court, however, in deciding the correctness of the trial court's decision regarding the timeliness of a later-joined defendant's *forum non conveniens* motion to transfer, stated that "[a] later joined party [defendant] should not be penalized for another defendant's failure to bring a *forum non conveniens* motion" (*Schoon*, 207 Ill. App. 3d at 606); the *Schoon* court simply did not state or suggest, as defendants here argue, that "one defendant's failure to move to transfer *should not be interpreted as an assertion as to the convenience or inconvenience of the plaintiff's chosen forum to that defendant.*" (Emphasis added.) Moreover, we note that in *Neofotistos v. Center Ridge Co.*, 241 Ill. App. 3d 951, 955, 957, 609 N.E.2d 806 (1993), the fact that two of five of the defendants had not objected to the plaintiff's chosen forum was considered by that court in its analysis of the *forum non conveniens* "convenience" factor. Additionally, in *Snook v. Lake Forest Hospital*, 133 Ill. App. 3d 998, 1000-01, 479 N.E.2d 994 (1985), the *Snook* court observed that there was some suggestion that the principal defendant drug company was located outside the State of Illinois and did not join the three defendant doctors in filing objections to the forum of Cook County. The *Snook* court stated that while it did not have the benefit of a transcript of the proceedings upon which to ascertain if any consideration was given to any preference as to Cook or Lake County by the defendant drug company, nor did it have the benefit of knowing the reason why Lake County would be more convenient for one of the defendant doctors who resided in Wisconsin, the trial court would not have been "obliged to ignore the possible inconvenience or effect to the other named defendants herein, if any." *Snook*, 133 Ill. App. 3d at 1001.

■ As stated above, the role of this court is not to substitute its judgment for that of the trial court or even to determine whether the trial court exercised its discretion wisely but, rather, to determine whether the trial court abused its discretion. *Schoon*, 207 Ill. App. 3d at 609. An abuse of discretion occurs where the trial court acts arbitrarily, fails to employ conscientious judgment and ignores recognized principles of law. *Moffitt v. Illinois Power Co.*, 248 Ill. App. 3d 752, 618 N.E.2d 1305 (1993). Here, the record shows that the trial court was well aware of the balancing test of private and public

interest factors in determining whether to grant a transfer of venue as articulated in *Schoon,* upon which it relied. We further observe that while the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides or where the injury occurred, nonetheless the deference to be accorded is only *less,* as opposed to *none,* and the test is still whether the relevant factors, viewed in their totality, strongly favor transfer to another forum (*Schoon,* 207 Ill. App. 3d at 607). Based on the record in the present case, we therefore hold that because defendants failed to present an adequate motion to sustain their burden of showing that the relevant private interest factors *strongly favored* another forum, and specifically that Cook County was an inconvenient forum, the trial court did not abuse its discretion in denying defendants' motion to transfer venue pursuant to the doctrine of *forum non conveniens.*

We briefly note that defendants' reliance on *Blakely v. Gilbane Building Co.,* 264 Ill. App. 3d 626, 637 N.E.2d 442 (1994), in support of their argument that they need not make any showing "regarding the substance or need for the witnesses," is misplaced. *Blakely* did not address this specific issue. Additionally, *Blakely* is factually distinguishable from the case at bar. In *Blakely, all* medical treatment and *all* the witnesses were located in or around the defendant's requested transfer forum. In the case at bar, some of the witnesses are located in Cook County, 128 miles from McLean County, and McHenry County, 145 miles from McLean County, four of the six defendants are located outside of Illinois and defendants failed to make any substantive showing of inconvenience.

Similarly, in *Bjurstrom,* upon which defendants also rely, the fact that the *Bjurstrom* court reversed the trial court's denial of the defendant's motion to transfer the case from Cook County to Rock Island County pursuant to a *forum non conveniens* motion was based on the *Bjurstrom* court's determination that *all* the witnesses lived in and around Rock Island County, the injury and treatment of that injury occurred there and Cook County had *no* nexus to the case, which is not the situation in the case at bar as stated above.

Additionally, the cases cited by *Blakely* do not support defendant's argument that they were not required to make a showing "regarding the substance or need for the witnesses." *Blakely* cites to *Haring v. Chicago & North Western Transportation Co.,* 103 Ill. 2d 530, 532, 470 N.E.2d 288 (1984), which in turn cites to *Cotton v. Louisville & N. R. Co.,* 14 Ill. 2d 144, 152 N.E.2d 385 (1958). In *Haring,* the plaintiff, in response to a motion filed by the defendant to dismiss the plaintiff's complaint or to transfer the action to a more convenient forum, filed

a publication listing the defendant's officers; the list contained in excess of 250 names, and the affidavit accompanying the list simply described those named as management employees of the defendant. The plaintiff's affidavit also stated that the greater majority of those named were located in Chicago and that subsequent discovery would disclose that some of the individuals would be witnesses in the litigation. The *Haring* court held that "[t]he simple assertion that some one or more of the 250 persons named *may be* witnesses" could not aid the trial court in determining whether one forum over another would be a more convenient forum. (Emphasis added.) *Haring*, 103 Ill. 2d at 533. The *Haring* court therefore remanded the case to the trial court with directions that it grant the defendant's motion to dismiss or, if the trial court found on remand that it was more convenient to transfer the case to another forum as suggested by the defendant, the court could do so.

In *Cotton*, the defendant filed a motion to dismiss the plaintiff's complaint based on the doctrine of *forum non conveniens*. The trial court denied the defendant's motion. In affirming the trial court, the *Cotton* court stated that before undertaking to apply the relevant principles of law to the facts of the case, it "must point out that the defendant's motion to dismiss filed herein is vulnerable \*\*\*[,] namely, it is too general. The names of the witnesses and the nature of the proof proposed to be adduced [are] not particularized." *Cotton*, 14 Ill. 2d at 166. The *Cotton* court further cited to *General Portland Cement Co. v. Perry*, 204 F.2d 316 (7th Cir. 1953), and quoted that court, which held " 'that the failure of the defendant to give the names of his witnesses, to indicate what their testimony would be, to show how vital that testimony would be to the defense of the case \*\*\*, furnished a reasonable basis for [the court] to find that the defendant failed to sustain its burden of showing that the balance as to the convenience of the witnesses \*\*\* so strongly favor[s] \*\*\* the defendant as to overcome the weight to be given to the plaintiff's choice of forum.' " *Cotton*, 14 Ill. 2d at 168.

■ Lastly, we note that the trial court did not specifically address the public interest factors, nor did defendants specifically argue the factors of public concern in the trial court at the hearing on their original motion or motion for reconsideration, which is the basis of this appeal.[3] However, because defendants failed to sustain their burden to show the main private interest factor of inconvenience to

---

[3]Defendants state in their brief on appeal that on September 6, 1994, and January 11, 1995, when the trial court denied their motions for transfer of venue and for reconsideration, respectively, the court acknowledged that

the witnesses, we cannot say that the public interest factors (the accident occurred in McLean County and the congestion of Cook County court dockets), as was the similar situation in *Schoon*, in conjunction with the unsubstantiated private interest factor of inconvenience to the witnesses, outweighed plaintiff's choice of forum or strongly favored transfer. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 554 N.E.2d 209 (1990) (a court congestion factor alone is not enough to justify transfer of a case from one forum to another when balanced against other relevant factors). Accordingly, we hold that the trial court did not abuse its discretion in denying defendants' motion to transfer based on a consideration of the public interest factors.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

WOLFSON, P.J., and CERDA, J., concur.

---

the public interest factors weighed in favor of transfer. However, the transcripts of both those hearings, consisting of six and five pages, respectively, contain no such statements by the court.