No. 2--01--0906

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

V.G. MARINA MANAGEMENT ) Appeal from the Circuit Court

CORPORATION, ) of Kane County.

  )

Plaintiff-Appellee, ) 

)

v. ) No. 01--LM--668

)

FRANK WIENER, ) Honorable

) Richard J. Larson,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Frank Wiener, appeals from an order denying his motion to dismiss or transfer on the grounds of 
forum non conveniens
.  The main issue raised in this appeal is whether a nonresident defendant is permitted to object to venue on 
forum non conveniens
 grounds and seek the transfer of the cause to another Illinois county if the resident plaintiff is permitted by section 2--101 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--101 (West 2000)) to file his or her lawsuit against the nonresident defendant in any county of the state.
  
Although we determine that the common-law doctrine of 
forum non conveniens
 is available to nonresidents to contest the intrastate venue of an action, we affirm on the merits.

On November 25, 1999, plaintiff, V.G. Marina Management Corporation, filed a complaint for rent against defendant in Cook County.  In the complaint, plaintiff alleged that it leased to defendant a condominium unit, which was located at 300 North State Street in Chicago, Cook County, and defendant owed it over $10,000 in rent.  The parties engaged in discovery, and the cause was set for trial in June 2000.  Discovery disputes ensued, and the trial date was continued more than once.  In February 2001, plaintiff voluntarily dismissed the complaint.

On April 19, 2001, plaintiff refiled the same complaint in Kane County.  Defendant then moved the court to dismiss the action on 
forum non conveniens
 grounds or, alternatively, to transfer the action to Cook County.  At the motion hearing, the court denied the motion, finding that, because defendant was a Wisconsin resident, venue was proper in any Illinois county under section 2--101 of the Code, and the interests of justice did not require the transfer of the cause to Cook County.  Defendant's petition for leave to appeal (166 Ill. 2d R. 306(a)(2)) was granted by this court on May 7, 2002.

We first consider the parties' dispute about whether a nonresident defendant is permitted to object to venue on 
forum non conveniens
 grounds and seek the transfer of the cause to another Illinois county if the resident plaintiff is permitted by the venue statute to file his or her lawsuit against the nonresident defendant in any county of the state.  The Illinois venue statute provides that, in general, an action may be commenced in the county  where any defendant joined in good faith resides or where the cause of action arose.  735 ILCS 5/2--101 (West 2000).   When none of the defendants are Illinois residents, venue is proper in any county of the state.  735 ILCS 5/2--101 (West 2000).  "Venue and 
forum non conveniens
 are distinct concepts."  
Foster v. Chicago & North Western Transportation Co.
, 102 Ill. 2d 378, 384 (1984). 
 "The principle of 
forum non conveniens
 is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."  
Gulf Oil Corp. v. Gilbert
, 330 U.S. 501, 507, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 842 (1947).  In a case where subject matter jurisdiction, personal jurisdiction, and venue are proper, a 
forum non conveniens
 motion is available to the defendant.  
Gulf Oil
, 330 U.S. at 504, 91 L. Ed. at 1060, 67 S. Ct. at 841; 
Sears, Roebuck & Co. v. Continental Insurance Co.
, 9 Ill. App. 3d 287, 289 (1972).  The common-law doctrine of 
forum non conveniens
 allows the court where the action was filed to look beyond the venue criteria, decline jurisdiction, and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice.  
Foster
, 102 Ill. 2d at 382.  It applies to actions involving interstate as well as intrastate matters.  
Lambert v. Goodyear Tire & Rubber Co.
, 332 Ill. App. 3d 373, 378 (2002).

Plaintiff contends that this doctrine is unavailable to nonresident defendants seeking an intrastate transfer when plaintiff was permitted by statute to file the action in any county because statutory venue rules are given preference over the common law.  On the contrary, our courts have consistently recognized a 
forum non conveniens
 motion as the proper mechanism by which to dismiss or transfer a cause that has no practical connection to the forum.  For instance, in 
Torres v. Walsh
, 98 Ill. 2d 338, 350 (1983), our supreme court recognized a trial court's authority to transfer a cause on 
forum non conveniens
 grounds to another county within the same state.  A 
forum non conveniens
 motion is also available to nonresident defendants requesting that an action be transferred to another state.  
First Professional Leasing Co. v. Rappold
, 23 Ill. App. 3d 420, 425 (1974).  We find no reason why a nonresident should not similarly be permitted to seek a 
forum non conveniens
 transfer to another county within the same state even though the plaintiff could commence the lawsuit in any county.  
A nonresident defendant should be allowed to litigate a matter in a convenient intrastate forum.  Nonetheless, as discussed in the following quotation, the statutory venue rule is entitled to deference when the court considers the 
forum non conveniens
 motion.   "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum.  If, however, the litigation has no practical connection to the forum, and a defendant establishes the necessary showing under the doctrine, the court should grant the motion for transfer."  
Peile v. Skelgas, Inc.
, 163 Ill. 2d 323, 335-36 (1994).

We conclude that the common-law doctrine of 
forum non conveniens
 is indeed applicable to this situation as a check to ensure that plaintiffs select a forum that is convenient for all the parties and best serves the interests of justice. 

The second issue presented in this case is whether the trial court abused its discretion in denying defendant's motion to transfer because, as defendant contends, the facts overwhelmingly favored the transfer of the cause to Cook County.

The trial court has broad discretion to determine whether a motion to dismiss or transfer for 
forum non conveniens
 should be granted.  We will not substitute our judgment for that of the trial court or even evaluate whether it wisely exercised its discretion.  
Elling v. State Farm Mutual Automobile Insurance Co.
, 291 Ill. App. 3d 311, 317 (1997).  We must only consider whether the trial court abused its discretion (
Trent v. Caterpillar, Inc.
, 234 Ill. App. 3d 839, 842 (1992)), which occurs when no reasonable person would take the view it adopted (
O'Connell v. City of Chicago
, 285 Ill. App. 3d 459, 463 (1996)).

Forum non conveniens
 is an equitable doctrine under which principles of convenience and fairness are weighed in order to choose between two or more forums having jurisdiction.  
Kwasniewski v. Schaid
, 153 Ill. 2d 550, 552 (1992).  When ruling on a 
forum non conveniens
 motion, the court must consider private interest factors affecting the litigants' convenience and public interest factors affecting the court's administration.  
Vinson v. Allstate
, 144 Ill. 2d 306, 310 (1991).
  Relevant private factors include the accessibility of sources of proof, the availability of witnesses, the availability of compulsory service of process to compel the appearance of unwilling witnesses, the costs of obtaining witnesses, the possibility of viewing the premises in question, if appropriate, the convenience of the parties, and any other practical concerns that make the trial of a case easy, expeditious, and inexpensive.  
Trent
, 234 Ill. App. 3d at 842-43.  Relevant public factors include "the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty."  
Bland v. Norfolk & Western Ry. Co.
, 116 Ill. 2d 217, 224 (1987), quoting 
Gulf Oil
, 330 U.S. at 509, 91 L. Ed. At 1063, 61 S. Ct. At 843.

A further consideration in ruling on a 
forum non conveniens
 motion is the plaintiff's choice of forum.  "A plaintiff is given the right to select the forum, and unless the public and private interest factors strongly weigh in favor of transfer, a plaintiff's choice of forum will rarely be disturbed."  
Kwasniewski
, 153 Ill. 2d at 553.  Less deference is given where the plaintiff is not a resident of the chosen forum (
Kwasniewski
, 153 Ill. 2d at 553);  but, even when the plaintiff's forum choice is entitled to less deference, the test remains whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by the defendant (
Elling
, 291 Ill. App. 3d at 318).

With respect to the private and public interest factors, defendant's motion to transfer argued that those factors strongly weighed in favor of changing venue to Cook County.  As to the private interest factors, defendant cited the following considerations: the cause properly belonged in Cook County because the litigation had already begun there before plaintiff dismissed the action, and Cook County was the location of the leased property, the signing of the contract, and plaintiff's and defendant's business offices.  As to the public interest factors, defendant contended that a Kane County jury would have no meaningful connection with the circumstances of the litigation and that the court's refusal to transfer essentially would endorse plaintiff's forum shopping.

The trial court considered these factors and found that they did not strongly favor transfer to Cook County.  We cannot say that the court's conclusion was an abuse of discretion or that no reasonable person would adopt that view.  Most significantly, defendant did not make any substantive showing that he was inconvenienced by having this litigation tried in Kane County.  Even though Cook County is an alternative forum for the dispute, defendant did not demonstrate that an undue burden or hardship resulted from the action's present venue.  In fact, the distance between two adjacent counties generally does not impose a burden on witnesses or defendants.  
Snook v. Lake Forest Hospital
, 133 Ill. App. 3d 998, 1001 (1985).  While defendant's contention that the court should consider that the property and business offices are located in Cook County is correct, this is but one factor among many to be weighed in the overall balancing of interests and does not, standing alone, mandate the transfer of a cause.  
Elling
, 291 Ill. App. 3d at 316-17.

Defendant's claim that the litigation had previously been commenced in Cook County does not weigh in favor of
 
transfer.  The common-law record developed in this case is sparse.  Besides the complaints and the motion to dismiss, the record contains not much more than defendant's answers to interrogatories and requests for documents.  Defendant exaggerates the extent to which this action was litigated in Cook County, and the court's view that this factor did not require a transfer to Cook County is not unreasonable.  

With respect to the public interest factors, defendant argued that it would be unfair to burden a Kane County jury with a case that had no meaningful connection to that community.  Indeed, the parties' only tie to Kane County is that it is where plaintiff's counsel's office is located. We recognize that this is a consideration that favors the cause being tried in Cook County;  however, we are also mindful that section 2--101 of the Code allows plaintiff to file its lawsuit in any county of the state.  "[T]he deference to be accorded to a plaintiff regarding his [or her] choice of forum is less when the plaintiff chooses a forum other than where he [or she] resides or where the injury occurred[;] nonetheless[,] the deference to be accorded is only 
less
, as opposed to 
none
, and the test is still whether the relevant factors, viewed in their totality, strongly favor transfer to another forum [citation]."  (Emphasis in original.)  
Elling
, 291 Ill. App. 3d at 318.

In sum, for a transfer to be necessary in this case, defendant was required to demonstrate how he was inconvenienced and burdened by having the action tried in Kane County.  See 
Elling
, 291 Ill. App. 3d at 318 (noting that the denial of the defendants' 
forum non conveniens
 motion was appropriate where they did not sustain their burden of showing that the relevant private interest factors strongly favored another forum and that the present forum was inconvenient).  Here, the trial court considered the private and public interest factors raised by defendant in his motion to dismiss.  The trial court weighed those factors and found that none strongly weighed in favor of transfer in contravention of plaintiff's forum choice.  Our role is not to substitute our judgment for that of the trial court.  
Elling
, 291 Ill. App. 3d at 317.  While we might weigh the factors differently, we cannot say that the weight given them by the trial court was an abuse of discretion or that no reasonable person would have reached the same conclusion.  
Thus, we affirm the trial court's denial of defendant's 
forum non conveniens
 motion.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

HUTCHINSON, P.J., and O'MALLEY, J., concur.