MEDICAL ALLIANCES, LLC, Plaintiff-Appellee, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellant.—NEUROLOGICAL TESTING SERVICES, LLC, Plaintiff-Appellee, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellant.

Second District    Nos. 2—03—1011, 2—03—1012 cons.

Opinion filed September 22, 2004.

Victor J. Piekarski and Michael Resis, both of O'Hagan, Smith & Amundsen, L.L.C., of Chicago, for appellant.

Clayton P. Voegtle, of Libertyville, for appellee Medical Alliances, LLC.

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Allstate Insurance Co. (Allstate), appeals from the denial of its motions to dismiss under the doctrine of *forum non conveniens*. We reverse.

## I. BACKGROUND

Plaintiffs, Medical Alliances, LLC (Medical), and Neurological Testing Services, LLC (NTS), both of which are registered in Illinois, brought suit against defendant, Allstate, an Illinois corporation, to recover fees earned by rendering medical treatment to various persons. Medical filed its suit on April 16, 2003, seeking recovery for services rendered to Tom Jacobs, Justin Argo, Cathy Jenkins, Joseph Geiger, and Shu-Rene Rowley. The complaint alleged that these services were performed in Illinois. We glean from the briefs that none of the patients were in Illinois at the time the services were rendered.

Allstate moved to sever and dismiss the suit against Jacobs because a previous lawsuit concerning his claim had been settled and dismissed. In connection with the previous dismissal, Allstate received a release of lien that was executed on behalf of Medical. The motion to dismiss the suit as to Jacobs was granted. Allstate also moved to dismiss the remainder of the lawsuit pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187), which governs motions to dismiss based on the doctrine of *forum non conveniens*. In its motion, Allstate asserted that Argo was a resident of Ohio, that his claim arose out of an automobile accident in Ohio, and that the claim was made under a policy issued in Ohio to one James Settles. Allstate also stated that Jenkins was an Ohio resident, that her claim was the result of an automobile accident that occurred in Ohio, and that her claim was made under a policy issued in Ohio to one Henry Sloan, Jr. As for Geiger, Allstate stated that he was a Florida resident, that his claim arose from an automobile accident in Pennsylvania, and that his claim was made under a policy issued in Pennsylvania to one Katherine Mewha. Finally, with regard to Rowley, Allstate stated that she was a New York resident, that her claim arose from an automobile accident that occurred in New York, and that the claim was made under the no-fault provisions of a policy issued in New York to one Alvin Hairston. Medical does not dispute the truthfulness of these allegations. The motion was denied and Allstate filed a petition for interlocutory appeal pursuant to Supreme Court Rule 306 (210 Ill. 2d R. 306).

NTS filed suit on April 16, 2003, for payment of medical services rendered to Savaday Ty, Enrique Egurrola, Bheesham Apana, and Lisa Stagmer. Again, the complaint alleged that the services were performed in Illinois and we presume that none of the patients were in Illinois at the time services were rendered.

Allstate once again moved to dismiss the complaint under Rule 187 and the doctrine of *forum non conveniens*. In its motion Allstate stated that Ty was a resident of Oklahoma, that her claim arose out of an automobile accident in Oklahoma, and that the claim was made under a policy issued in Oklahoma to one Sarah Yi. Allstate also alleged that Ty's claim sought benefits under the underinsured motorist and medical pay provisions of Yi's policy and that Allstate satisfied this claim through payment of Yi's total available underinsured motorist coverage. Further, Allstate stated that Egurrola was a resident of New Jersey, that his claim arose out of an automobile accident in New Jersey, and that the claim was made under a no-fault policy issued in New Jersey to one Raphael Egurrola. Allstate also stated that Apana was a resident of New York, that her claim arose out of an automobile accident in New York, and that the claim was made under a no-fault policy issued in New York to one Joanne Mahabir. Finally, Allstate stated that Stagmer was a resident of New Jersey, that her claim arose out of an automobile accident in New Jersey, and that the claim was made under a no-fault policy issued in New Jersey to one Eugene Stagmer, Jr. NTS does not dispute the truthfulness of these allegations. The motion was stayed with respect to the claim arising out of services to Ty, as NTS would voluntarily dismiss with respect to Ty pending Allstate presenting proof of payment. The remainder of the motion was denied. Allstate filed a petition for interlocutory appeal pursuant to Rule 306.

We granted both of Allstate's petitions for appeal. We also granted Allstate's motion to consolidate the appeals.

## II. DISCUSSION

■ The sole question before this court is whether the trial court erred in denying defendant's *forum non conveniens* motions. *Forum non conveniens* is an equitable doctrine that may be invoked to determine the most appropriate forum when there is more than one potential forum. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 171 (2003). "The doctrine is based on considerations of fundamental fairness and sensible and effective judicial administration." *Dawdy*, 207 Ill. 2d at 171. A court can use the doctrine to decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice.

*Dawdy*, 207 Ill. 2d at 171-72. Illinois courts use the analytical framework of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947), in *forum non conveniens* cases. *Dawdy*, 207 Ill. 2d at 172.

■ The framework set out by *Gulf Oil* involved looking at private interest factors affecting the litigants and public interest factors affecting court administration. *Gulf Oil Corp.*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843. "A court must balance the private and public interests in determining the appropriate forum in which the case should be tried." *Dawdy*, 207 Ill. 2d at 172. "Private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." *Dawdy*, 207 Ill. 2d at 172. The relevant public interest factors include: the administrative difficulties caused when litigation is handled in congested venues instead of at its origin; the unfairness of imposing jury duty upon residents of a state with no connection to the litigation; and the interest in having local controversies decided locally. See *Dawdy*, 207 Ill. 2d at 173.

■ When applying the *forum non conveniens* doctrine, courts also defer to the plaintiff's choice of forum. *Dawdy*, 207 Ill. 2d at 173. A plaintiff has a substantial right to select a forum and such a choice should rarely be disturbed unless the factors weigh strongly in favor of transfer. *Dawdy*, 207 Ill. 2d at 173. However, the amount of weight or consideration to be given to a plaintiff's choice of forum is not the same in all cases. *Dawdy*, 207 Ill. 2d at 173. If a plaintiff chooses his home forum, it is reasonable to assume that the forum is convenient. *Dawdy*, 207 Ill. 2d at 173. Similarly, when the site of accident or injury is chosen, the choice is considered convenient. *Dawdy*, 207 Ill. 2d at 173. A foreign plaintiff's choice of forum, however, is given less deference. *Dawdy*, 207 Ill. 2d at 173.

We will not reverse the trial court's ruling on a *forum non conveniens* motion unless the trial court abused its discretion. *V.G. Marina Management Corp. v. Wiener*, 337 Ill. App. 3d 691, 695 (2003). A trial court abuses its discretion when ruling on a *forum non conveniens* motion when no reasonable person would take its view. *V.G. Marina Management Corp.*, 337 Ill. App. 3d at 695.

■ After balancing the relevant factors, we find the only reasonable conclusion to be that the *forum non conveniens* motions must be granted. With regard to the private interest factors, we first address

the convenience of the parties. Both plaintiffs are registered in Illinois and Allstate is incorporated in Illinois. Consequently, all parties conduct business in Illinois and, thus, it is convenient for the parties to litigate in Illinois in the sense that the parties are already here. However, because the accidents involved in this case all occurred in other states, the parties and their attorneys may need to travel to one or more other states during the pendency of this litigation. Such travel would not be convenient for the parties.

As for the second factor, availability of evidence and witnesses, we must first identify the evidence that will be relevant in this case. Plaintiffs urge that this case simply involves a suit for the payment of medical services rendered in Illinois and, therefore, that the evidence will mostly be in Illinois. Allstate counters that whether the various injured persons recover is largely based on whether Allstate insureds are liable and/or the construction of Allstate policies. Therefore, Allstate asserts that witnesses in other states may need to be called and documents in other states may need to be used. We agree with Allstate. There likely will be little contention that plaintiffs in this case rendered the medical services that they claim they rendered. Although there could be disputes regarding the necessity of the services rendered by plaintiffs or the tests performed, the crux of these cases will likely concern the accidents that caused the injuries and the interpretation of the policies through which recovery is sought. Even though the documents can likely be easily obtained, the persons involved in the accidents and claims are all in other states and would all have to travel in order to testify. Furthermore, the Allstate employees who handled the claims all reside in other states and, should their testimony be necessary, they would need to travel also. There would be no compulsory process to secure the attendance of such witnesses and, even if all the witnesses were willing to testify, the travel expenses would be costly.

It should also be noted that since these cases involve automobile accidents, there may be a possibility that the scene of the accident will need to be viewed. While we realize that this may be unlikely, our supreme court in *Dawdy* emphasized that what is relevant is the possibility that the scene of an accident may need to be viewed, not the likelihood that such a viewing will occur. *Dawdy*, 207 Ill. 2d 178-79. In this case, the possibility that jurors will be required to travel to other states to view accident scenes is a strong indication that Illinois is not a convenient forum for this litigation. Accordingly, we find that the totality of the private interest factors strongly favors dismissal in Illinois.

With regard to the public interest factors, we first address the connections of this litigation to Illinois. The only reason plaintiffs are

even parties to this litigation is that the injured parties assigned to plaintiffs their rights to recover. If the injured persons had not assigned their rights to plaintiffs, they would have had to pursue Allstate for compensation and file suit against Allstate themselves. Had this occurred, none of the plaintiffs would have been Illinois residents.

While we realize that Illinois residents have some interest in assuring that Illinois doctors are paid for their services so that doctors continue to treat in Illinois, the interest is lessened when those treated are not Illinois residents. It is unlikely that Illinois citizens would be concerned about Illinois doctors changing states because they did not receive payment from their out-of-state patients. Furthermore, we recognize that Illinois residents have some interest in litigation involving companies that are registered or incorporated in Illinois. However, in our opinion the majority of the interest in these cases is held by the citizens of the states where the accidents occurred and the policies were issued. Those citizens have an interest in the outcome of suits involving accidents in their states and insurance policies issued there. Also, we find it unfair to impose jury duty upon Illinois residents when this case has minimal Illinois connections. We note that plaintiffs have not made a jury demand nor has Allstate. However, Allstate has until the time of the filing of its answer to make such a demand. 735 ILCS 5/2—1105 (West 2002). Therefore, we find that the jury service prong of the *forum non conveniens* analysis is relevant. Finally, although congestion of the court docket is a relevant factor, the weight to be given this factor is minimal (*Dawdy*, 207 Ill. 2d at 181) and its consideration does not impact our analysis of the totality of the circumstances, because even if Illinois courts were less congested, that would not tip the balance in favor of denying the motion. Accordingly, we find that the public interest factors in this case strongly favor dismissal so that the claims can be pursued in a convenient forum.

We are mindful that our standard of review in this case is abuse of discretion and that we may not reverse the trial court's denial of the motion simply because we would have decided otherwise. *In re Marriage of Miller*, 231 Ill. App. 3d 480, 485 (1992). However, under the facts of this case, we do not believe that a reasonable person could conclude that Illinois is a convenient forum for this litigation. Looking at the totality of the circumstances, we find that the connections to and the interest of the other states involved in this case so strongly outweigh the connection to and the interest of Illinois that the only reasonable course of action is to grant Allstate's *forum non conveniens* motions.

## III. CONCLUSION

For the foregoing reasons, we reverse the order of the circuit court of Lake County denying defendant's *forum non conveniens* motions.

Reversed.

BOWMAN and BYRNE, JJ., concur.